■ WALKER BAPTIST CHURCH et al., Respondents, v AETNA

Casualty & Surety Company, Appellant.—Judgment unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action against defendant Aetna, the Church's insurer, seeking a declaration that defendant is obligated to defend and indemnify plaintiffs in an action brought against them by a Church member alleging fraud, conversion, malpractice, prima facie tort and negligent employment and supervision. That Church member asserted in her complaint in the underlying action against plaintiffs that, for a period of years, she sought counseling from the pastor, and that he solicited property and money from her, which he said she was obligated to give to the Church as a good Christian. The Church member asserted in her complaint that, in reliance on those representations, she gave property and money totaling $52,000, and that the pastor also induced her to engage in a variety of sexual acts. Defendant disclaimed coverage on the ground that the Church member's complaint did not allege an "occurrence" that caused "bodily injury" or "property damage" as defined in the general liability policy.

Supreme Court correctly granted plaintiffs' motion for summary judgment declaring that defendant must defend plaintiffs in the pending action brought by the Church member and denied the motion insofar as it sought indemnification as premature. The Church member's complaint asserted in the fifth cause of action that the Church was negligent in employing and supervising the pastor, resulting in the loss of $52,000. This cause of action alleges an "occurrence", defined in the policy as an accident resulting in property damage neither expected nor intended from the standpoint of the insured. It also alleges "property damage", defined in the policy as loss of use of tangible property caused by that occurrence, based on the Church member's allegation that she gave gifts of property, which she has not thus far identified with specificity. Because the fifth cause of action comes within the policy coverage, defendant is obligated to defend plaintiffs in the underlying action against them by the Church member (see generally, Amica Mut. Ins. Co. v Grose, 166 AD2d 877, lv dismissed 76 NY2d 1018). (Appeal from Judgment of Supreme Court, Monroe County, Willis, J.—Declaratory Judgment.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.