■ BOARD OF EDUCATION OF THE EAST SYRACUSE-MINOA CENTRAL SCHOOL DISTRICT, Respondent, v CONTINENTAL INSURANCE COMPANY, Appellant. [604 NYS2d 399] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Plaintiff Board of Education of the East Syracuse-Minoa Central School District (School District) commenced this declaratory judgment action against its insurer Continental Insurance Company (Continental) claiming that Continental had a duty to defend it in a sexual harassment and retaliatory discharge action pending in District Court. In the Federal action, plaintiff Michele A. Locastro alleged that the principal of the elementary school where she taught sexually harassed her from approximately October 1989 through January 1990. She asserted causes of action against the School District based on its failing to prohibit sexual harassment, placing retaliatory letters in her personnel file, creating an offensive work environment and wrongfully terminating her employment. The School District demanded that Continental defend it in the Federal action. Continental refused and the School District commenced this declaratory judgment action.

The School District moved for summary judgment against Continental on the ground that Continental failed to comply with the terms of the party's policy of insurance. Continental cross-moved for summary judgment on several grounds, including that the allegations against the School District were outside the scope of its policy of insurance. Supreme Court granted the School District's motion for summary judgment and denied Continental's cross motion for summary judgment. We reverse.

The allegations against the School District in the Federal action do not constitute an "occurrence" within the meaning of its general liability policy. An "occurrence" is defined in the

policy as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions". There is nothing accidental about the charges contained in the complaint *(see, Spinosa v Hartford Fire Ins. Co.,* 90 AD2d 574, 575; *see also, Ford Nursing Home Co. v Fireman's Ins. Co.,* 86 AD2d 736, *affd* 57 NY2d 656). Sexual harassment, like sexual abuse and child abuse, is intentional in nature *(see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153; *Doe v Allstate Ins. Co.,* 187 AD2d 181, 185, *lv denied* 82 NY2d 652). While the complaint contains allegations that "the District knew or should have known of the complained of conduct" and "failed to stop or prevent such conduct," those allegations do not change the gravamen of the complaint from one alleging intentional acts and violations of Federal and State statutes to one involving negligent conduct *(see, e.g., New York Cas. Ins. Co. v Ward,* 139 AD2d 922).

Where, as here, it can be determined from the factual allegations that "no basis for recovery within the coverage of the policy is stated in the complaint, [a court] may sustain [the insurer's] refusal to defend" *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 368; *see, e.g., Contracting Plumbers' Coop. Restoration Corp. v Hartford Acc. & Indem. Co.,* 59 AD2d 921, 922, *affd* 46 NY2d 857).

We also conclude that coverage is barred under the policy exclusion that states:

"This insurance does not apply to * * *

"e. 'Bodily injury' to:

"(1) An employee of the insured arising out of and in the course of employment by the insured". Plaintiff's Federal complaint alleged injuries arising out of and in the course of her employment with the insured. The fact that the principal committed some of the alleged acts of sexual harassment away from the school does not alter that result. His acts were alleged to have occurred during and arose out of the course of her employment.

In reaching that conclusion, we conclude that *Brooklyn Law School v Aetna Cas. & Sur. Co.* (661 F Supp 445, *affd* 849 F2d 788 [ED NY 1988]), relied on by Continental, is more closely analogous to this case than *International Paper Co. v Continental Cas. Co.* (35 NY2d 322), relied on by the School District.

Because there is no legal basis on which Continental can be held liable for coverage, there is no obligation to provide a defense *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876; *Doe v Allstate Ins. Co., supra).* Accordingly, we

declare that Continental has no duty to provide a defense to the School District in the Federal action. Consequently, we need not determine Continental's claim that the School District is barred from coverage by its failure to give timely notice. Were we to reach that issue, however, we would agree with Supreme Court that there are questions of fact that preclude the granting of summary judgment. (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J. —Declaratory Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.