■ CYNTHIA G. TOMAIN, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, et al., Defendants. [656 NYS2d 470] —Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 25, 1996 in Albany County, which, *inter alia*, denied defendant Allstate Insurance Company's cross motion for summary judgment.

In May 1994, plaintiff accused defendant Gregory D. Rosano of harassment in the second degree as the result of an incident outside of a shopping center laundromat. The charges were subsequently dismissed due to plaintiff's failure to participate

in the prosecution of the criminal case. In December 1994, Rosano and his wife commenced a civil action against plaintiff for malicious prosecution. Plaintiff filed a claim with defendant Allstate Insurance Company, with whom she had a policy of homeowner's insurance, seeking to have Allstate defend and indemnify her in the civil action. Allstate disclaimed coverage on the basis that the civil action did not allege bodily injury or property damage.

Thereafter, plaintiff commenced this action against Allstate, Rosano and Rosano's wife. Following joinder of issue, plaintiff moved for an order declaring that Allstate was obligated to defend and indemnify her. Allstate, in turn, cross-moved for summary judgment seeking a declaration that it was not so obligated to defend or indemnify. Supreme Court denied both motions and Allstate appeals.

The provision of the insurance policy providing the basis for Allstate's disclaimer of coverage states that "*Allstate* will pay damages which an *Insured person* becomes legally obligated to pay because of *bodily injury* or *property damage* arising from an accident and covered by this part of the policy" (emphasis in original). In addition, the policy specifically excludes from coverage bodily injury or property damage resulting from "an act or omission intended or expected to cause *bodily injury* or *property damage*" (emphasis in original). Allstate contends that it is not obligated to defend or indemnify plaintiff in the Rosano civil action because malicious prosecution is an intentional tort and bodily injury resulting therefrom is not caused by an "accident" within the meaning of the policy.

We agree with Supreme Court that bodily injury may encompass "pain and distress of mind and body" as alleged in the Rosanos' complaint (*see, Lavanant v General Acc. Ins. Co.,* 79 NY2d 623). We cannot conclude, however, that when such injury arises from malicious prosecution, it is covered by the Allstate policy. While certain injuries arising from intentional acts may be deemed unintentional such as to trigger coverage (*see, e.g., Jubin v St. Paul Fire & Mar. Ins. Co.,* 236 AD2d 712; *Merrimack Mut. Fire Ins. Co. v Carpenter,* 224 AD2d 894, *lv dismissed* 88 NY2d 1016), the relevant inquiry is whether "the harm * * * was inherent in the nature of the acts alleged * * * [such as to be] intentionally caused within the meaning of the policy exclusion" (*Monter v CNA Ins. Cos.,* 202 AD2d 405, 406; *see, Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 160).

Malicious prosecution entails the commencement of litigation for the purpose of harassing another. Inasmuch as the harassment is calculated to produce, among other things,

mental and/or emotional distress, such harm is an inherent part of the intentional act. In view of this, we find that, under the terms of the policy, Allstate owes no duty to defend or indemnify plaintiff in the civil action instituted by the Rosanos (*see, Pistolesi v Nationwide Mut. Fire Ins. Co.*, 223 AD2d 94, *lv denied* 88 NY2d 816; *Massachusetts Bay Ins. Co. v National Sur. Corp.*, 215 AD2d 456, *lv denied* 87 NY2d 806; *Bingham v Atlantic Mut. Ins. Co.*, 215 AD2d 315; *Home Mut. Ins. Co. v Lapi*, 192 AD2d 927). Therefore, Allstate's cross motion should have been granted.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Allstate Insurance Company, by reversing so much thereof as denied Allstate's cross motion for summary judgment; cross motion granted, summary judgment awarded to Allstate and it is declared that Allstate has no duty to defend or indemnify plaintiff in the underlying civil action; and, as so modified, affirmed.