■ GREEN CHIMNEYS SCHOOL FOR LITTLE FOLK et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent, et al., Defendants. (Action No. 1.) GREEN CHIMNEYS SCHOOL FOR LITTLE FOLK et al., Appellants, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Respondent. (Action No. 2.) [664 NYS2d 320] —In two related actions for a judgment declaring that the respondent National Union Fire Insurance Company of Pittsburgh, Pennsylvania is obligated to defend and indemnify the plaintiffs in an underlying action sounding in sexual harassment, retaliatory discharge, and assault brought by some of the plaintiffs' former employees, the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated October 21, 1996, which, upon an order granting the respondent's motions for summary judgment, declared that the respondent was not obligated to defend or indemnify the plaintiffs in the underlying action.

Ordered that the judgment is affirmed, with costs.

The acts alleged in the underlying action sounding in sexual harassment, retaliatory discharge, and assault are intentional acts and thus do not constitute an "occurrence" within the meaning of the general liability policies herein, which define "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions" (*see, Board of Educ. v Continental Ins. Co.,* 198 AD2d 816, 816-817; *Tomain v Allstate Ins. Co.,* 238 AD2d 774). Further, the inclusion in the underlying complaint of causes of action sounding in negligent hiring and supervision does not alter the fact that " 'the operative act[s] giving rise to any recovery [are] the [intentional sexual] assault[s]' " (*Public Serv. Mut. Ins. Co. v Camp Raleigh,* 233 AD2d 273; *Board of Educ. v Continental Ins. Co., supra,* at 816-817).

Because there is no legal basis on which the insurer can be held liable for coverage, there is no obligation to provide a defense (*see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876). Accordingly, the Supreme Court properly found that the carrier had no duty to provide a defense or to indemnify the plaintiffs in the underlying sexual harassment and retaliatory discharge action.

The appellants' remaining contentions are without merit. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.