■ MATTRESS DISCOUNTERS OF NEW YORK, INC., Appellant, v UNITED STATES FIRE INSURANCE COMPANY, Respondent. [674 NYS2d 106] —In an action, inter alia, for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff with respect to an underlying action entitled Rosen v Mattress Discounters, pending in the Supreme Court, Nassau County, under Index No. 021136/93, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 20, 1996, as granted that branch of the defendant's motion which was for summary judgment declaring that the defendant has no duty to defend and indemnify the plaintiff in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant has no duty to defend and indemnify the plaintiff in the underlying action entitled Rosen v Mattress Discounters, pending in the Supreme Court, Nassau County, under Index No. 021136/93.

The underlying action entitled Rosen v Mattress Discounters (hereinafter the underlying action) arises from an incident involving the plaintiff's employees and an employee of Bedding Discount Center, Inc., d/b/a Sleepy's (hereinafter Sleepy's). The complaint in the underlying action alleges, inter alia, assault, battery, negligent hiring, and negligent supervision.

The insurance policy issued by the defendant excludes coverage for "bodily injury * * * expected or intended from the standpoint of the insured". There is no dispute that the injuries incurred by the Sleepy's employee resulted from an assault by the plaintiff's employees. Accordingly, the intentional act of assault falls within the exclusionary language of the policy (see, Board of Educ. v Continental Ins. Co., 198 AD2d 816; Tomain v Allstate Ins. Co., 238 AD2d 774).

Furthermore, the inclusion in the underlying complaint of causes of action to recover damages for negligent hiring and

negligent supervision does not alter the fact that "the operative act giving rise to any recovery is the assault" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352; *see also, Public Serv. Mut. Ins. Co. v Camp Raliegh*, 233 AD2d 273; *Board of Educ. v Continental Ins. Co., supra*). Thus, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment declaring that the defendant has no duty to defend and indemnify the plaintiff in the underlying action.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.