The plaintiff Auto-Owners Insurance Company appeals from a summary judgment entered in favor of the defendant American Central Insurance Company in this case involving a coverage dispute between the two insurance companies. We affirm.
Auto-Owners sued for a declaratory judgment to determine its duties and obligations under an umbrella policy of insurance, and American Central's duties and obligations under a homeowner's policy of insurance, to defend and/or indemnify Emmette L. Barran III in an underlying action filed by Jason Jones against Kappa Alpha Order, Inc., Barran, and others. Auto-Owners asked the trial court to hold that American Central owed primary liability coverage for Barran, that American Central should reimburse Auto-Owners for all defense costs incurred, and that American Central should provide a full and complete defense for Barran.
The parties filed cross motions for summary judgment. The trial court entered a summary judgment in favor of American Central, concluding that, as a matter of law, all of Jones's claims against Barran in the underlying action were excluded from coverage under American Central's policy. After the trial court made the summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P., Auto-Owners appealed.
Jones commenced the underlying action on October 17, 1995. He claimed that while he was a pledge of the Nu Chapter of Kappa Alpha fraternity at Auburn University, he was subjected to mental and physical abuse during brutal hazing incidents. Jones alleged, among other things, that the defendants participated in and allowed unlawful hazing tactics to be used against him, that they intentionally and recklessly caused him to suffer emotional distress, and that they committed assault and battery upon him. Barran held the office of vice president and "pledge trainer" for Nu Chapter of Kappa Alpha. The trial court entered a summary judgment in favor of the defendants as to all of Jones's claims except his assault-and-battery claims against two fraternity members. The Court of Civil Appeals reversed that summary judgment, holding that whether Jones had assumed the risk of injury by pledging to the fraternity was a question of fact. See Jones v. Kappa Alpha Order, Inc., [Ms. 2960663, December 5, 1997]730 So.2d 197 (Ala.Civ.App. 1997). This Court reversed the judgment of the Court of Civil Appeals and reinstated the summary judgment, holding that, as a matter of law, Jones had assumed the risk of injury by pledging to the fraternity. See Ex parte Barran, [Ms. 1970679, December 4, 1998] 730 So.2d 203 (Ala. 1998). Therefore, all of Jones's claims against Barran have been resolved in Barran's favor and no judgment was ever entered against him.
After Barran was sued, he sought defense and indemnity from American Central under a policy of homeowner's insurance issued to his father, Emmette L. Barran, Jr. American Central denied coverage and refused to indemnify, claiming that its policy excluded coverage for bodily injury or property damage resulting from physical or mental abuse. Barran's defense was subsequently tendered to Auto-Owners under an umbrella policy issued to Barran's father. Auto-Owners agreed to defend Barran under a reservation of rights. It then filed this declaratory-judgment action. In entering the summary *Page 1080 
judgment in favor of American Central, the trial court stated:
 "It appears to the Court that all of the claims in the underlying action . . . arose out of alleged mental and physical abuse which took the form of alleged fraternity hazing. American Central's policy, at issue in this case, specifically excludes coverage of injury arising out of mental and physical abuse. When there is no ambiguity in an insurance policy, courts must enforce the policy as written and cannot defeat express provisions, including exclusions. St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr., 595 So.2d 1375, 1377 (Ala. 1992).
 "While the claims in the underlying case involve both intentional and unintentional acts, the defendant has provided caselaw supporting the nonseverability of the claims. The plaintiff has provided no supporting legal authority for the severability of the underlying claims. All the claims are interdependent and centered around allegations of mental and physical abuse and cannot be severed."
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and American Central was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. American Central had the burden of making a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County,623 So.2d 1130 (Ala. 1993). If American Central made that showing, then the burden shifted to Auto-Owners to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against it. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the "substantial evidence" rule. § 12-21-12, Ala. Code 1975. "Substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
American Central's policy specifically excluded coverage for the following:
 "1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others Coverages do not apply to `bodily injury' or `property damage':
". . . .
 "k. Arising out of sexual molestation, corporal punishment or physical or mental abuse."
As to this aspect of the policy, the only issue upon which the parties focus is whether Barran's conduct, as alleged in Jones's complaint in the underlying action, falls within the scope of the policy's exclusion for injury arising out of "physical or mental abuse." We confine our discussion to that issue.
Auto-Owners argues that the trial court erred in concluding that American Central's exclusion for "physical or mental abuse" was applicable in this case. Auto-Owners maintains that exclusionary language in an insurance policy should be construed narrowly against the insurer and broadly in favor of providing coverage for the insured, citing Altiere v. Blue Cross Blue Shield of Alabama, 551 So.2d 290 (Ala. 1989). Because the policy does not define the terms contained in clause k., Auto-Owners argues that the exclusion should be construed only to apply to "traditional notions of . . . physical or mental abuse in the child-abuse context." Auto-Owners' Brief at 25. Furthermore, Auto-Owners argues, Barran was sued for acts of alleged hazing, negligent supervision, and assault and battery that are not specifically mentioned in the exclusion.
In the underlying action, Jones alleged that he had sustained bodily injury and *Page 1081 
emotional distress caused by acts of unlawful fraternity hazing committed by Barran and others while acting alone or in concert with other fraternity members. In § 16-1-23, Ala. Code 1975, under which hazing is prohibited, "hazing" is defined in subsection (a):
 "(1) Any willful action taken or situation created, whether on or off any school, college, university, or other educational premises, which recklessly or intentionally endangers the mental or physical health of any student, or
 "(2) Any willful act on or off any school, college, university, or other educational premises by any person alone or acting with others in striking, beating, bruising, or maiming; or seriously offering, threatening, or attempting to strike, beat, bruise, or maim, or to do or seriously offer, threaten, or attempt to do physical violence to any student of any such educational institution or any assault upon any such students made for the purpose of committing any of the acts, or producing any of the results to such student as defined in this section."
Jones alleged that the hazing activities conducted by Nu Chapter included, among other things, the following:
 "(1) having to dig a ditch and jump into it after it had been filled with water, urine, feces, dinner leftovers, and vomit; (2) receiving paddlings to his buttocks; (3) being pushed and kicked, often into walls, pits, and trash cans; (4) eating such foods as peppers, hot sauce, butter, and `yerks' (a mixture of hot sauce, mayonnaise, butter, beans, and other items); (5) doing chores for the fraternity and its members, such as cleaning the fraternity house and yard, serving as designated driver, and running errands; (6) appearing regularly at 2 a.m. `meetings' during which the pledges would be hazed for a couple of hours; and (7) `running the gauntlet,' during which the pledges were pushed, kicked, and hit as they ran down a hallway and down a flight of stairs."
Ex parte Barran, 730 So.2d at 205.
American Central insists that it was under no duty to provide Barran a defense. It argues that hazing is defined in § 16-1-23
as including willful or intentional physical or mental abuse, and that its policy unambiguously excludes from coverage injury caused by an insured that "[a]ris[es] out of . . . physical or mental abuse." American Central also argues that the gravamen of Jones's complaint against Barran is the alleged physical and mental abuse committed during incidents of hazing, even though his complaint included allegations against Barran other than those involving physical and mental abuse, and that those allegations of physical and mental abuse are therefore not severable from the other claims alleging personal injury caused by the abusive hazing incidents.
If a policy provision is unambiguous, then a court must enforce the policy as it is written and cannot defeat express provisions, including exclusions from coverage. See, e.g., Chamblee v. State Farm Mut.Auto.Ins.Co., 601 So.2d 922 (Ala. 1992); St. Paul Mercury Ins.Co. v. Chilton-Shelby Mental Health Ctr., 595 So.2d 1375 (Ala. 1992). Whether a clause in an insurance policy is ambiguous is a question of law to be decided by the trial court. First Mercury Syndicate, Inc. v. Franklin County, 623 So.2d 1075 (Ala. 1993). The language in an exclusionary provision in a policy of insurance should be given the same meaning "that a person of ordinary intelligence would reasonably give it." Western World Ins.Co. v. City of Tuscumbia,612 So.2d 1159, 1161 (Ala. 1992).
We agree with the trial court that American Central's exclusion 1.k., excluding coverage for injury that arises out of "physical or mental abuse," is unambiguous. The acts of hazing that Jones alleges were committed against him, acts that he described in graphic detail in his complaint, clearly constituted physical and mental abuse. Therefore, any such acts allegedly *Page 1082 
committed by Barran were excluded from coverage under American Central's policy of insurance.
We also agree with the trial court that although the claims in the underlying action alleged both intentional and unintentional acts, those claims were not severable so as to obligate American Central to provide a defense and indemnity as to some claims but not as to others. See, e.g., Commercial Union Ins.Cos. v. Sky, Inc., 810 F. Supp. 249 (W.D. Ark. 1992) (claims of false imprisonment and defamation are not severable from a sexual-harassment claim); Old Republic Ins.Co. v. Comprehensive Health Care Assocs., 786 F. Supp. 629 (N.D.Tex. 1992), aff'd,2 F.3d 105 (5th Cir. 1993) (because all allegations of complaint arise out of alleged acts of sexual harassment, they are related and interdependent); Board of Educ. v. Continental Ins. Co., 198 A.D.2d 816,604 N.Y.S.2d 399 (1993) (allegations that school district failed to stop or prevent certain conduct do not change gravamen of complaint from intentional acts to negligence).
The trial court properly entered the summary judgment in favor of American Central.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Brown, and Johnstone, JJ., concur.