■ SWEET HOME CENTRAL SCHOOL DISTRICT OF AMHERST AND TONAWANDA, Appellant, v AETNA COMMERCIAL INSURANCE COMPANY et al., Respondents. [695 NYS2d 445] —Judgment affirmed without costs. Memorandum: Plaintiff, Sweet Home Central School District of Amherst and Tonawanda (Sweet Home), commenced this declaratory judgment action seeking a declaration that its insurers, defendants, Aetna Commercial Insurance Company and Aetna Casualty and Surety Company (Aetna), have a duty to defend and/or indemnify it in an underlying action alleging that one of its teachers had assaulted and sexually abused three students. Supreme Court denied Sweet Home's motion for summary judgment and granted Aetna's cross motion for summary judgment, declaring that Aetna had no duty to defend or indemnify Sweet Home in the underlying action. The court concluded that the complaint against Sweet Home did not allege an "occurrence" within the meaning of the insurance policies.

We affirm. Contrary to the view expressed by the dissent, it is the nature of the underlying acts, not the theory of liability, that governs. Because the operative acts giving rise to any recovery are intentional acts, i.e., assault and sexual abuse, it is of no import that the complaint in the underlying action alleges only negligent hiring, retention and supervision on the part of Sweet Home (*see, Green Chimneys School for Little Folk v National Union Fire Ins. Co.,* 244 AD2d 387; *Public Serv. Mut. Ins. Co. v Camp Raleigh,* 233 AD2d 273, *lv denied* 90 NY2d 801; *Board of Educ. v Continental Ins. Co.,* 198 AD2d 816, 816-817). It is also of no import that the complaint in the underlying action alleges conduct that was outside the scope of the teacher's employment (*see, Massachusetts Bay Ins. Co. v National Sur. Corp.,* 215 AD2d 456, 459, *lv denied* 87 NY2d 806). The decisions on which the dissent primarily relies are inapposite. In *Walker Baptist Church v Aetna Cas. & Sur. Co.* (178 AD2d 923), the allegations of negligent supervision were

based on a pastor's conduct in persuading a parishioner to part with her property via contributions—conduct that is not necessarily or solely intentional in nature. In *Allstate Ins. Co. v Klock Oil Co.* (73 AD2d 486), a pollution exclusion clause was involved, not a coverage question, and the alleged underlying acts were negligent installation and maintenance of a gasoline tank, not solely intentional acts of assault and sexual abuse.

All concur except Green, J. P., and Pigott, Jr., J., who dissent and vote to reverse in the following Memorandum.

Green, J. P., and Pigott, Jr., J. (dissenting). Because we disagree with the majority's conclusion that defendants, Aetna Commercial Insurance Company and Aetna Casualty and Surety Company (Aetna), have no duty to defend or indemnify plaintiff, Sweet Home Central School District of Amherst and Tonawanda (Sweet Home), we respectfully dissent for two reasons.

First, the policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "In deciding whether a loss is the result of an accident, it must be determined, *from the point of view of the insured*, whether the loss was unexpected, unusual and unforeseen (*see, Miller v Continental Ins. Co.,* 40 NY2d 675, 677)". (*Allegany Co-op Ins. Co. v Kohorst,* 254 AD2d 744 [emphasis supplied]; *cf., General Acc. Ins. Co. v Zazynski,* 229 AD2d 920, 921). "In determining whether an act is an occurrence, the policy terms must be read 'narrowly, barring recovery only when the insured intended the damages' " (*Dryden Mut. Ins. Co. v Brockman,* 259 AD2d 947, 948, quoting *Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 649). Here, although the complaint in the underlying action alleges intentional acts of assault and sexual abuse by the teacher, it alleges only the negligent hiring, retention and supervision of that teacher by Sweet Home. The complaint in the underlying action alleges conduct by the teacher that was outside the scope of his employment, and thus Sweet Home cannot be liable on the basis of respondeat superior (*see, Judith M. v Sisters of Charity Hosp.,* 93 NY2d 932; *Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159, 161, *lv dismissed* 91 NY2d 848, *cert denied* 522 US 967). Therefore, because the complaint in the underlying action does not allege any intentional conduct on the part of Sweet Home, the complaint alleges an occurrence within the meaning of the policies (*see, Walker Baptist Church v Aetna Cas. & Sur. Co.,* 178 AD2d 923, 924; *Allstate Ins. Co. v Klock Oil Co.,* 73 AD2d 486, 488).

To interpret the term "occurrence" in the manner of the ma-

jority renders superfluous the exclusion in the policy for acts either intended or expected by the insured. It is well settled that, in construing a policy, "the court must examine 'the entire contract to determine its purpose and effect and the apparent intent of the parties'" (*Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 303, quoting *Murray Oil Prods. v Royal Exch. Assur. Co.,* 21 NY2d 440, 445), and that "a policy's terms should not be assumed to be superfluous or to have been idly inserted" (*Bretton v Mutual of Omaha Ins. Co.,* 110 AD2d 46, 50, *affd* 66 NY2d 1020; *see also, Handelsman v Sea Ins. Co.,* 85 NY2d 96, 101, *rearg denied* 85 NY2d 924). In our view, the majority's affirmance is inconsistent with those established principles.

Aetna's reliance upon this Court's decision in *Board of Educ. v Continental Ins. Co.* (198 AD2d 816) is misplaced. In that case, the school district was charged with sexual harassment by an employee based upon the conduct of another employee. We held that, although the complaint against the school district was couched in terms of negligence, the gravamen of the complaint was intentional acts and violations of State and Federal statutes by the school district itself. Here, however, the gravamen of the complaint against Sweet Home is negligence, and thus Sweet Home is entitled to coverage under the policies. To the extent that the First Department's decision in *Public Serv. Mut. Ins. Co. v Camp Raleigh* (233 AD2d 273, *lv denied* 90 NY2d 801) is to the contrary, we would decline to follow it.

Secondly, we believe Aetna's reliance upon *Mount Vernon Fire Ins. Co. v Creative Hous.* (88 NY2d 347) and *U.S. Underwriters Ins. Co. v Val-Blue Corp.* (85 NY2d 821) is likewise misplaced. In those cases, the Court of Appeals interpreted exclusions in policies for claims based upon or arising out of an assault or battery whether or not committed by or at the direction of the insured. In determining that the exclusion in each case applied, the Court of Appeals adopted a "but for" test, concluding that the claim that the employer negligently failed to maintain safe premises could not be established without proving the underlying assault. Here, by contrast, we are asked to interpret the term "occurrence". We reject Aetna's argument that the "but for" test should be extended to that analysis. There is no indication in either *Mount Vernon* or *Val-Blue* that the Court of Appeals intended to abrogate the case law concerning the interpretation of the term "occurrence".

The policies contain an exclusion for bodily injury or property damage "expected or intended from the standpoint of the insured." Because no evidence was presented that Sweet Home

expected or intended the acts upon which the underlying complaint is based, that exclusion does not apply (*cf., Dryden Mut. Ins. Co. v Brockman, supra; Mattress Discounters v United States Fire Ins. Co.,* 251 AD2d 384, *lv denied* 92 NY2d 817). We would, therefore, reverse the judgment, deny the cross motion, grant the motion and grant judgment in favor of Sweet Home declaring that Aetna is obligated to defend and indemnify Sweet Home in the underlying action. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.