■ SHARED-INTEREST MANAGEMENT, INC., Appellant, v TRAVELERS PROPERTY CASUALTY CORPORATION, Respondent. [695 NYS2d 632] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 14, 1998 in Saratoga County, which, *inter alia*, granted defendant's cross motion for summary judgment and made a declaration in its favor.

After defendant disclaimed coverage, plaintiff, a property management company, commenced this action seeking a declaration that defendant must defend and indemnify it in a lawsuit brought against it by Knox Woods Homeowners' Association. In that suit, it is alleged that plaintiff's accounting manager, Sandra Krupski, pleaded guilty to grand larceny, having apparently embezzled funds from several of plaintiff's

clients, including Knox. Supreme Court, concluding that defendant was not obliged to defend or indemnify plaintiff, made a declaration in favor of defendant and plaintiff appeals.

We are not unmindful that an insurer's duty to defend is broader than its duty to indemnify (*see, Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310; *Gibbs v CNA Ins. Cos.*, 263 AD2d 836, 837); however, having reviewed Knox's allegations against plaintiff, we concur with Supreme Court.

In the underlying lawsuit, Knox asserts claims for, *inter alia*, breach of contract and the negligent hiring and supervision of Krupski by plaintiff. In its breach of contract claims Knox seeks to recover damages for economic loss, but no such recovery can be had for the policy—a commercial general liability policy—provides coverage for damages incurred because of " ' "bodily injury" [or] "property damage" ' " (*Direct Travel v Aetna Cas. & Sur. Co.*, 214 AD2d 484, 485). Beyond that the damages must have been caused by an "occurrence", a term defined in the policy as an accident. Knox's loss was occasioned by Krupski's intentional and illegal act of embezzling funds while in plaintiff's employ, and there is considerable authority to the effect that an intentional act does not constitute an accident or an occurrence (*see generally, Gibbs v CNA Ins. Cos., supra*; *People v Helinski*, 203 AD2d 659, 660, *lv denied* 84 NY2d 804; *Ward v Security Mut. Ins. Co.*, 192 AD2d 1000, 1001, *lv denied* 82 NY2d 655; *see also, Green Chimneys School v National Union Fire Ins. Co.*, 244 AD2d 387; *Public Serv. Mut. Ins. Co. v Camp Raleigh*, 233 AD2d 273, *lv denied* 90 NY2d 801; *contra, Walker Baptist Church v Aetna Cas. & Sur. Co.*, 178 AD2d 923). Plainly, then, coverage is not available under the policy for plaintiff's breach of contract claims.

Also ineffectual is plaintiff's contention that Knox's cause of action charging plaintiff with the negligent hiring and supervision of Krupski, who ostensibly had a criminal history, was sufficient to actuate coverage because, as with Knox's contract claims, the operative act giving rise to this cause (and precluding coverage) was Krupski's intentional conduct (*see, Mattress Discounters v United States Fire Ins. Co.*, 251 AD2d 384, 384-385, *lv denied* 92 NY2d 817; *Green Chimneys School v National Union Fire Ins. Co., supra*, at 387). In sum, coverage was properly disclaimed.

Mikoll, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.