■ UNITED COMMUNITY INSURANCE COMPANY, Plaintiff, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants, and HARRAN TRANSPORTATION COMPANY, INC., et al., Appellants. (And Other Actions.) [698 NYS2d 864] —In related actions, *inter alia,* for judgments declaring the respective rights of the parties under certain insurance policies, the defendants Harran Transportation Company, Inc., and Harran Transportation School Bus Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated April 27, 1998, as granted that branch of the motion of the defendant Greater New York Mutual Insurance Company which was for summary judgment declaring that it was not obligated to defend or indemnify them in certain underlying actions.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in considering the respondent's motion for summary judgment (*see, Liss v Trans Auto Sys.,* 68 NY2d 15, 20; *Forte v Weiner,* 214 AD2d 397, 398; *McIvor v Di Benedetto,* 121 AD2d 519, 522; *see also, Aridas v Caserta,* 41 NY2d 1059, 1061).

The Supreme Court properly determined that the acts alleged in the underlying actions seeking to recover damages for negligent hiring and supervision were intentional criminal acts which did not constitute an "occurrence" within the meaning of the subject general liability policies (*Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 352-353; *see, Sweet Home Cent. School Dist. v Aetna Commercial Ins. Co.,* 263 AD2d 949; *Matter of Sormani v Orange County Community Coll.,* 263 AD2d 511; *Green Chimneys School for Little Folk v National Union Fire Ins. Co.,* 244 AD2d 387). Thus, because there is no legal basis upon which the respondent can be held liable for coverage, the Supreme Court properly declared that the respondent has no duty to provide a defense or to indemnify the appellants in the underlying actions (*see, Sweet Home Cent. School Dist. v Aetna Commercial Ins. Co., supra; Sormani v Orange County Community Coll., supra; Green Chimneys School for Little Folk v National Union Fire Ins. Co., supra*).

The appellants' remaining contentions are without merit. Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.