■ PERRAS EXCAVATING, INC., Respondent, v TRANSPORTATION INSURANCE COMPANY, Appellant. [737 NYS2d 692] —Mercure, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered October 3, 2000 in St. Lawrence County, which, inter alia, denied defendant's cross motion for summary judgment, and (2) from an order of said court, entered February 22, 2001 in St. Lawrence County, which, upon reargument, granted plaintiff's motion for summary judgment and declared that defendant was required to provide a defense in the underlying property damage action.

In 1992, Massena Towne Center Associates (hereinafter MTCA) hired plaintiff to perform general contracting services in connection with the development of real property in the Town of Massena, St. Lawrence County. In 1993, a "slope failure" occurred at the site and the resulting landslide caused substantial property damage and deposited a large quantity of soil into the Grasse River abutting the property. Thereafter, MTCA initiated an action in Supreme Court, Monroe County, asserting various tort and contract causes of action against plaintiff and others arising out of the landslide (hereinafter the underlying action).

Plaintiff then notified defendant, its general commercial liability insurer, of the underlying action and demanded that defendant provide it with a defense and indemnify it for the damages recovered. In 1994, defendant disclaimed coverage for the

seventh cause of action sounding in breach of contract, other than for the damage caused "outside of this [work] area, for example, to the Grassee [*sic*] River." Notably, defendant did not specifically disclaim coverage for all damage resulting from the claimed breach of contract and did not reserve any rights under the policy. In 1998, the Fourth Department upheld Supreme Court's dismissal of all of MTCA's causes of action against plaintiff in the underlying action except for the breach of contract claim (*Massena Towne Ctr. Assoc. v Sear-Brown Group*, 255 AD2d 893, 895). Following its review of the Fourth Department's decision, defendant again disclaimed coverage and declined to provide plaintiff with a defense in the underlying action upon the ground that the only remaining cause of action against plaintiff was for breach of contract.

Plaintiff then commenced this action for a declaration that defendant had an obligation to defend and indemnify it under the terms of the general commercial liability insurance policy issued by defendant. Following joinder of issue, both parties moved for summary judgment. Although Supreme Court initially denied both motions, upon reargument it granted plaintiff's motion and declared that defendant had a duty to defend and indemnify plaintiff under the terms of the policy. Defendant appeals.

In our view, there is merit to defendant's contention that it has no obligation to defend or indemnify plaintiff because the policy it issued to plaintiff provides no coverage for the sole breach of contract cause of action that survived the Fourth Department's decision. In its November 1998 decision, the Fourth Department considered the causes of action asserted against plaintiff in the underlying action and concluded that, although the seventh cause of action alleging breach of contract was viable, no tort causes of action remained against plaintiff (*id.*, at 895). Damages arising out of the breach of a contract are not covered losses under a commercial general liability policy such as the one at issue here (*see, Shared-Interest Mgt. v Travelers Prop. Cas. Corp.*, 265 AD2d 622, 623) and, in view of the fact that the policy provided no coverage for the sole remaining claim against plaintiff, defendant's failure to previously disclaim coverage on that ground did not effect a waiver (*see, Schiff Assoc. v Flack*, 51 NY2d 692, 698; *Hartford Acc. & Indem. Co. v Roerig*, 93 AD2d 933, 934). We are therefore constrained to reverse Supreme Court's orders, grant defendant's motion for summary judgment and dismiss the complaint.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur.

Ordered that the orders are reversed, on the law, with costs, plaintiff's motion denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed.