■ RJC REALTY HOLDING CORP., Doing Business as PURE MAXIMUS SPA/SALON, Respondent, v REPUBLIC FRANKLIN INSURANCE COMPANY et al., Appellants, et al., Defendants. [756 NYS2d 631] —In an action for a judgment declaring that the defendants Republic Franklin Insurance Company and Utica National Insurance Group are obligated to defend and indemnify the plaintiff in an underlying action entitled *Harrison v Maximus Spa/Salon,* pending in the Supreme Court, Nassau County, under Index No. 011145/01, the defendants Republic Franklin Insurance Company and Utica National Insurance Group appeal from (1) an order of the Supreme Court, Nassau County (McCarty, J.), entered January 24, 2002, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment, and (2) a judgment of the same court, entered April 18, 2002, which declared that they are obligated to defend and indemnify the plaintiff in the underlying action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, the cross motion is granted, and it is declared that the appellants are not obligated to defend and indemnify the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In the underlying action, RJC Realty Holding Corp, doing business as Pure Maximus Spa/Salon (hereinafter RJC), along with its employee, Kyoung Ju, a masseur, were sued by Marie

Harrison and Thomas Harrison. The complaint in the underlying action alleged that Kyoung Ju, while employed by RJC and in RJC's place of business, sexually assaulted Marie Henderson while giving her a massage. The complaint in the underlying action also alleged that RJC was negligent in its hiring, supervision, and retention of Kyoung Ju.

RJC then turned to the appellants Republic Franklin Insurance Company and Utica National Insurance Group (hereinafter collectively the appellants) seeking a defense and indemnification under a Business Owners Liability Policy issued by Republic Franklin Insurance Company. When the appellants disclaimed coverage, RJC commenced the instant action for a judgment declaring that the appellants are obligated to defend and indemnify it in the underlying action. The Supreme Court granted RJC's motion for summary judgment and denied the appellants' cross motion for summary judgment, finding that there was coverage. It then entered judgment declaring that the appellants are obligated to defend and indemnify the plaintiff in the underlying action. The Supreme Court found, inter alia, that the exclusion for intentional acts did not apply since the conduct was not intentional on the part of the insured, RJC. We reverse.

The insurance policy issued by the appellants excludes coverage for "bodily injury * * * expected or intended from the standpoint of the insured." There is no dispute but that the injuries alleged to have been sustained by Marie Henderson are alleged to have resulted from an intentional sexual assault by RJC's employee. This intentional act by RJC's employee falls within the exclusionary language of the policy (*see Mattress Discounters of N.Y. v United States Fire Ins. Co.,* 251 AD2d 384 [1998]; *Board of Educ. of E. Syracuse-Minoa Cent. School Dist. v Continental Ins. Co.,* 198 AD2d 816 [1993]; *cf. Agoado Realty Corp. v United Intl. Ins. Co.,* 95 NY2d 141 [2000]). That the complaint in the underlying action includes causes of action to recover damages for negligent hiring and negligent supervision does not alter the fact that "the operative act giving rise to any recovery is the assault" (*Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 352 [1996]; *see General Acc. Ins. Co v 35 Jackson Ave. Corp.,* 258 AD2d 616 [1999]; *Mattress Discounters of N.Y. v United States Fire Ins. Co., supra; see also Public Serv. Mut. Ins. Co. v Camp Raleigh,* 233 AD2d 273 [1996]; *Board of Educ. of E. Syracuse-Minoa Cent. School Dist. v Continental Ins. Co., supra*). Thus, the Supreme Court should have granted the appellants' cross motion for summary judgment declaring that they are not obli-

gated to defend and indemnify RJC in the underlying action, and should have denied RJC's motion for summary judgment.

Furthermore, contrary to RJC's contention, under the circumstances of this case, the appellants' delay in disclaiming was reasonable as a matter of law (*see* Insurance Law § 3420 [d]; *Sphere Drake Ins. Co. v Block 7206 Corp.,* 265 AD2d 78; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.,* 258 AD2d 491, 492 [1999]). Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.