In an action for a judgment declaring that the plaintiff has no obligation to defend and indemnify the defendant Orange-Ulster *544 Board of Cooperative Education Services in an underlying action entitled Doe v Orange-Ulster BOCES, pending in the Supreme Court, Orange County, under Index No. 8148/99, (1) the plaintiff appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered July 24, 2002, which, inter alia, upon so much of an order of the same court dated April 10, 2002, as denied that branch of its motion which was for summary judgment on the complaint and as granted those branches of the defendants’ cross motion which were for summary judgment declaring that it is obligated to defend and indemnify them in the underlying action and for legal fees and expenses, declared that it is obligated to provide primary insurance coverage to the defendants in the underlying action and awarded legal fees and expenses to the defendants, (2) the third-party defendant National Union Fire Insurance Company of Pittsburgh, Pa., cross-appeals from so much of the same judgment as, upon so much of the order dated April 10, 2002, as denied that branch of its cross motion which was for summary judgment declaring that it is not obligated to defend or indemnify the defendants in the underlying action, declared that it is obligated to provide excess insurance coverage to the defendants in the underlying action, and (3) the third-party defendant, Coregis Insurance Company, cross-appeals from so much of the same judgment as declared that it is obligated to provide excess insurance coverage to the defendants in the underlying action.
Ordered that the judgment is modified by (1) deleting the provision thereof declaring that the plaintiff is obligated to provide primary insurance coverage to the defendants in the underlying action and substituting therefor a provision declaring that the plaintiff is not obligated to defend or indemnify the defendants in the underlying action, (2) deleting the provision thereof awarding legal fees and expenses to the defendants and substituting therefor a provision declaring that the defendants are not entitled to legal fees and expenses; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff, and the order dated April 10, 2002, is modified accordingly.
The general liability policy issued by the plaintiff defines “occurrence” as an “accident, including continuous or repeated exposure to substantially the same general harmful conditions.” Thus, the acts alleged in the underlying action sounding in, inter alia, negligent hiring and supervision, are intentional acts and do not constitute an “occurrence” within the meaning of the policy (see RJC Realty Holding Corp. v Republic Franklin *545 Ins. Co., 303 AD2d 573 [2003]; cf. Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141 [2000]). Further, the inclusion in the underlying complaint of causes of action sounding in negligent hiring and supervision does not alter the fact that the operative acts giving rise to any recovery are the alleged intentional sexual assaults (see Green Chimneys School for Little Folk v National Union Fire Ins. Co. of Pittsburgh, Pa., 244 AD2d 387 [1997]; United Community Ins. Co. v Greater N.Y. Mut. Ins. Co., 266 AD2d 453 [1999]; General Acc. Ins. Co. v 35 Jackson Ave. Corp., 258 AD2d 616 [1999]; Sweet Home Cent. School Dist. of Amherst v Aetna Commercial Ins. Co., 263 AD2d 949 [1999]; Board of Educ. of E. Syracuse-Minoa Cent. School Dist. v Continental Ins. Co., 198 AD2d 816 [1993]). Because there is no legal basis on which the plaintiff can be held liable for coverage, there is no obligation to provide a defense and the Supreme Court erred in declaring that the plaintiff is obligated to provide primary insurance coverage to the defendants in the underlying action (see RJC Realty Holding Corp., supra).
Moreover, the plaintiff is not estopped from asserting that its policy at issue does not cover the underlying claim (see Schiff Assoc. v Flack, 51 NY2d 692 [1980]). Although the plaintiff initially provided a defense to the defendants in the underlying action, it reserved its rights to disclaim coverage and the defendants have failed to demonstrate prejudice (see General Acc. Ins. Co., supra).
However, the errors and omissions policies issued by the third-party defendants, National Union Fire Insurance Company of Pittsburgh, PA (hereinafter National) and Coregis Insurance Company (hereinafter Coregis), are not standard general liability policies, but rather are intended to insure a member of a designated calling against liability arising out of the mistakes inherent in the practice of that particular profession or business (see Watkins Glen Cent. School Dist. v National Union Fire Ins. Co. of Pittsburgh, Pa., 286 AD2d 48 [2001]). The errors and omissions policies issued by National and Coregis provide coverage for negligent acts but not for intentional acts. While the underlying action is grounded in allegations of intentional sexual abuse for which National and Coregis owe no duty of defense or indemnification, to the extent that the defendants may be held liable in the underlying action for negligent hiring and supervision, this risk falls squarely within the errors and omissions policies issued by National and Coregis (see Watkins Glen Cent. School Dist., supra). Thus, the Supreme Court properly declared that National and Coregis are obligated to provide excess insurance coverage to the defendants (see Watkins Glen Cent. School Dist., supra).
*546 Moreover, the Supreme Court properly apportioned the costs to National and Coregis of defending and indemnifying the insured on a pro rata basis (see Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682 [1999]).
The parties’ remaining contentions are without merit. Santucci, J.E, Luciano, Schmidt and Cozier, JJ., concur.