(June 28, 2004)

■ ACE FIRE UNDERWRITERS INSURANCE COMPANY, Appellant-Respondent, v ORANGE-ULSTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Defendant and Third-Party Plaintiff-Respondent, and WILLIAM J. BASSETT et al., Respondents. NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PA., et al., Third-Party Defendants-Respondents-Appellants. [779 NYS2d 545]—

Separate motions by the third-party defendant-respondent-appellant National Union Insurance Company of Pittsburgh, Pa., the third-party defendant-respondent-appellant Coregis Insurance Company, and the defendants-respondents Orange-Ulster Board of Cooperative Educational Services, William J. Basset, and Angela Romano for leave to reargue an appeal from an order of the Supreme Court, Orange County, entered July 24, 2002, which was determined by decision and order of this Court dated November 24, 2003.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is

Ordered that the motion by National Union Insurance Company of Pittsburgh, Pa., is denied; and it is further,

Ordered that the motions by Coregis Insurance Company and Orange-Ulster Board of Cooperative Educational Services, William J. Basset, and Angela Romano, are granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated November 24, 2003 (1 AD3d 543 [2003]), in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendants in an underlying action entitled *Doe v Orange-Ulster BOCES*, pending in the Supreme Court, Orange County, under Index No. 8148/99 (1) the plaintiff appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered July 24, 2002, which, inter alia, upon so much of an order of the same court dated April 10, 2002, as denied that branch of its motion which was for summary judgment declaring that it is not obligated to defend and indemnify the defendants in the underlying action and as granted those branches of the defendants' cross motion which were for summary judgment declaring that the plaintiff is obligated to defend and indemnify them in the underlying action and for legal fees and expenses, declared that it is obligated to provide primary insurance coverage to the defendants in the underlying action, and awarded legal fees and expenses to the defendants, (2) the

third-party defendant National Union Fire Insurance Company of Pittsburgh, Pa. cross-appeals from so much of the same judgment as, upon so much of the order dated April 10, 2002, as denied that branch of its cross motion which was for summary judgment declaring that it is not obligated to defend and indemnify the defendants in the underlying action, declared that it is obligated to provide excess insurance coverage to the defendants in the underlying action, and (3) the third-party defendant Coregis Insurance Company cross-appeals from so much of the same judgment as declared that it is obligated to provide excess insurance coverage to the defendants in the underlying action.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants payable by the plaintiff and the third-party defendants appearing separately and filing separate briefs.

The alleged assault upon the mentally disabled plaintiff in the underlying action by the nonparty employee of the defendant Orange-Ulster Board of Cooperative Educational Services (hereinafter BOCES), was "unexpected, unusual and unforeseen" from BOCES' point of view, and therefore was an "accident," and did not fall within the "expected or intended" exclusion of the general liability policies issued by the plaintiff, ACE Fire Underwriters Insurance Company (hereinafter Ace), and the third-party defendant Coregis Insurance Co. (hereinafter Coregis) (*see RJC Realty Holding Corp. v Republic Franklin Ins. Co.,* 2 NY3d 158 [2004]). As such, the Supreme Court properly granted the defendants summary judgment and declared that Ace and Coregis are obligated to defend and indemnify the defendants in the underlying action (*see RJC Realty Holding Corp. v Republic Franklin Ins. Co., supra*).

The Supreme Court's determination that the third-party defendant National Union Fire Insurance Co., which issued an errors and omissions policy to BOCES, is also obligated to defend and indemnify the defendants in the underlying action, was likewise proper (*see Watkins Glen Cent. School Dist. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 286 AD2d 48 [2001]).

The parties' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.