**ROSENBERG DIAMOND DEVELOPMENT CORPORATION,**
Plaintiff–Appellant,

v.

**EMPLOYERS INSURANCE COMPANY OF WAUSAU,**
Defendant–Appellee,

No. 04–3698.

United States Court of Appeals, Second Circuit.

March 29, 2005.

John D. D'Ercole, Robinson Brog Leinwand Greene Genovese & Gluck P.C., New York, NY, for Plaintiff–Appellant.

Marshall T. Potashner, Jaffe & Asher LLP, New York, NY, for Defendant–Appellee.

Present: .CALABRESI, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

■■■ Plaintiff Rosenberg Diamond Development Corporation ("Rosenberg") appeals from the decision of the district court (Castel, *J.*) granting summary judgment to the defendant, Employers Insurance Company of Wausau ("Wausau"). The district court found that Wausau, which insures Rosenberg for Comprehensive General Liability ("CGL"), had no duty to defend Rosenberg in a Fair Housing Act case brought against Rosenberg by the Association of Community Organizations for Reform Now ("ACORN"). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

"It is well settled under New York law that an insurer's duty to defend is 'exceedingly broad.'" *First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 165

(2d Cir.1998) (quoting *Continental Cas. Co. v. Rapid–Am. Corp.,* 80 N.Y.2d 640, 648, 593 N.Y.S.2d 966, 609 N.E.2d 506 (1993)). So long as the underlying complaint alleges facts that might bring a suit within the scope of the insured's coverage, the insurer has a duty to defend the action. *See Seaboard Sur. Co. v. Gillette Co.,* 64 N.Y.2d 304, 310, 486 N.Y.S.2d 873, 476 N.E.2d 272 (1984). A court should not, however, "attempt to impose [a] duty to defend on an insurer through a strained, implausible reading of the complaint." *Northville Indus. Corp. v. National Union Fire Ins. Co.,* 89 N.Y.2d 621, 634–35, 657 N.Y.S.2d 564, 679 N.E.2d 1044 (1997).

Rosenberg alleges that Wausau might have a duty to indemnify the claims raised in the ACORN complaint under two provisions of the CGL policy: 1) "Coverage A" (Bodily Injury and Property Damage Liability) and 2) "Coverage B" (Personal and Advertising Injury Liability). If either of these provisions might afford coverage for any of the acts alleged in the ACORN complaint, Wausau would have a duty to defend the ACORN action. We find, however, that Wausau correctly concluded that the acts alleged in the ACORN complaint would not be subject to coverage under either provision of the policy.

Although Rosenberg argues otherwise, the ACORN complaint alleged *only* intentional racial discrimination. And, under New York law, it is clear that the type of language included in the CGL policy's "Coverage A" does not extend to such intentional discriminatory acts. *See Mary & Alice Ford Nursing Home v. Fireman's Ins. Co. of Newark,* 86 A.D.2d 736, 446 N.Y.S.2d 599, 601 (N.Y.App.Div.1982) (holding that there was no duty to indemnify, and thus no duty to defend, an inten-

tional discrimination claim under a coverage provision comparable to Rosenberg's "Coverage A"), *aff'd for the reasons stated by the App. Div.,* 57 N.Y.2d 656, 454 N.Y.S.2d 74, 439 N.E.2d 883 (1982). Nor would the possibility of "vicarious liability" bring the allegations of the complaint within the scope of "Coverage A" coverage, as it is the underlying acts alleged—not the legal theory pled—which controls the existence of coverage under New York law. *See, e.g., Green Chimneys Sch. for Little Folk v. National Union Fire Ins. Co.,* 244 A.D.2d 387, 664 N.Y.S.2d 320, 321 (N.Y.App.Div.1997).

■ We also conclude that the acts alleged in the ACORN complaint would not have been subject to indemnification under the "Coverage B" provision of Rosenberg's CGL policy. While it might be possible to read "Coverage B" to extend to a small subset of the claims asserted in the ACORN action, *see Winters v. Transamerica Ins. Co.,* 194 F.3d 1321 (Table), 1999 WL 699835 at *3–4 (10th Cir. Sep. 9, 1999),[1] any such coverage would have been barred as a matter of public policy under New York law. *See* N.Y. Ins. Circular Letter No.1994–6. Although, as Rosenberg points out, New York public policy does not bar coverage for some forms of vicarious liability, *see id.,* it is evident that this "vicarious liability exception" is not intended to extend to the types of actions alleged in the ACORN complaint. *See* N.Y. Gen. Counsel Op. 3–17–2000(# 1).

Because the facts alleged in the ACORN complaint would not have triggered coverage under any of the provisions of Rosenberg's CGL policy, Wausau had no duty to defend the ACORN action. *See, e.g.,*

---

**1.** The Tenth Circuit does not prohibit citation to unpublished summary orders as persuasive authority. *See* Tenth Cir. Local R. 36.3.

*Northville Indus. Corp.,* 89 N.Y.2d at 635, 657 N.Y.S.2d 564, 679 N.E.2d 1044.

We have considered all of Rosenberg's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.