■ XUAN QIAN, Plaintiff, v NEW YORK COLLEGE OF TRADITIONAL CHINESE MEDICINE, Defendant/Third-Party Plaintiff-

Respondent-Appellant, et al., Defendant. STATE FARM FIRE & CASUALTY COMPANY, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant. [938 NYS2d 342]—

In response to the defendant/third-party plaintiff's prima facie showing of entitlement to judgment as a matter of law, the third-party defendant insurer State Farm Fire & Casualty Company (hereinafter State Farm) failed to raise a triable issue of fact as to the applicability of an exclusion in the relevant insurance policy pertaining to injuries inflicted during the provision of "professional services or treatments." Accordingly, the defendant/third-party plaintiff's cross motion for summary judgment declaring that State Farm is obligated to defend and indemnify it in the main action should have been granted (*see Merchants Mut. Ins. Co. v Rutgers Cas. Ins. Co.*, 84 AD3d 756,

756-757 [2011]; *Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 979 [2009]; *ACE Fire Underwriters Ins. Co. v Orange-Ulster Bd. of Coop. Educ. Servs.*, 8 AD3d 593, 595 [2004]). For the same reason, State Farm also failed to demonstrate its prima facie entitlement to judgment as a matter of law, as it failed to demonstrate that the above-referenced policy exclusion was applicable. Therefore, its motion for summary judgment was properly denied.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that State Farm is obligated to defend and indemnify the defendant/third-party plaintiff in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Balkin, Austin and Roman, JJ., concur.