■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MELENDEZ, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Queens County (Groh, J.), dated March 31, 1986, as granted that branch of the defendant's omnibus motion which was for the dismissal of the indictment to the extent of dismissing the first, second, third, fourth, fifth, seventh and eighth counts thereof with leave to resubmit those counts to another Grand Jury.

Ordered that the order is modified, on the law, by deleting the provisions thereof which dismissed the first, second and fourth counts of the indictment, and substituting therefor

provisions denying that branch of the defendant's motion which was for dismissal of the indictment with respect to those counts; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Criminal Term properly concluded that the evidence before the Grand Jury was not legally sufficient to support the third, fifth, seventh and eighth counts of the indictment or any lesser included offenses thereof (see, CPL 1.20 [37]; 70.10 [1]; 210.20 [1] [b]). We note, moreover, that while there may have been evidence on which to premise a charge of criminal mischief for damage to property owned by the victim named in the seventh count of the indictment, that count charges the defendant with intentionally damaging property about which no evidence was presented.

The evidence before the Grand Jury was sufficient however to support at least an accusation of criminal trespass (cf., Penal Law § 140.15), which is a lesser included offense of burglary in the first and second degrees as charged in the first two counts of the indictment (CPL 1.20 [37]; see, People v Henderson, 41 NY2d 233). Criminal Term erred in dismissing those counts, apparently on the ground there was insufficient evidence to demonstrate that the defendant intended to commit a crime when he entered and remained in the home of another victim (CPL 210.20 [1] [b]; cf., People v Adorno, 112 AD2d 308; People v Deitsch, 97 AD2d 327). Criminal Term also erred in dismissing the fourth count of the indictment, by which the defendant was accused of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). We conclude that the evidence demonstrating that the defendant wielded a butcher knife in the presence of others is sufficient to support that accusation (cf., Penal Law § 265.15 [4]). Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.