■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LIMPERT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a non-jury trial convicting him of one count each of coercion in the first degree (Penal Law § 135.65 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) and endangering the welfare of a child (Penal Law § 260.10 [1]). The charges arose from an incident in which defendant sexually abused his daughter's twelve-year-old girlfriend while threatening her with a knife. Defendant contends that County Court erred by permitting him to be cross-examined concerning a prior conviction for endangering the welfare of a child. Because the case was tried before the court without a jury, "we may presume that the trial court * * * 'considered only the competent evidence in reaching [its] determination'" *(People v Mann,* 172 AD2d 1010, 1010-1011, *lv denied* 78 NY2d 969). Here, the court correctly noted that the evidence of defendant's prior conviction was relevant only on the issue of defendant's credibility. Thus, we presume that it was evaluated and considered by the court only for that purpose *(see, People v Stevenson,* 163 AD2d 854, 855).

We reject defendant's contention that the testimony of defendant's daughter concerning statements made to her by the victim later that day were inadmissible hearsay. Under the circumstances, the victim's statement, made at the first opportunity after the conduct alleged in the indictment occurred, properly was admitted under the prompt complaint rule *(see, People v Kornowski,* 178 AD2d 984).

The evidence was legally sufficient to support defendant's conviction for criminal possession of a weapon in the fourth degree. The victim testified that during the course of this incident, defendant possessed and threatened her with a knife having a "sharp", "long blade * * * like a butcher knife". The court properly considered it a "dangerous knife" as that term is used in Penal Law § 265.01 (2) and § 265.15 (4) *(see, People v Melendez,* 130 AD2d 771, 772). Viewing the evidence, as we must, in a light most favorable to the People, we conclude that it was sufficient to provide a valid line of reasoning to sustain the court's verdict *(see, People v Bleakley,* 69 NY2d 490, 495; *see also, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932).

Defendant has failed to preserve for our review his contention that count two of the indictment was jurisdictionally

defective by reason of its failure to comply with CPL 200.50 (7) *(see, People v Iannone,* 45 NY2d 589, 600).

In the absence of a request by defendant, the court's failure to consider the lesser included offenses "does not constitute error" (CPL 300.50 [2]; *see,* CPL 320.20 [5]).

We do not find the sentence imposed by County Court to be either harsh or excessive. (Appeal from Judgment of Erie County Court, LaMendola, J.—Coercion, 1st Degree.) Present —Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.