■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COBLE, Appellant. [639 NYS2d 758]

Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KUYAL, Appellant. [639 NYS2d 189] Memorandum: Defendant failed to preserve for review his contentions that his conviction of criminal possession of a weapon in the third degree should be reversed because the term "dangerous knife" is unconstitutionally vague and because County Court failed to define that term in its jury instructions (*see,* CPL 470.05 [2]; *People v Iannelli*, 69 NY2d 684, *cert denied* 482 US 914; *People v Lipton*, 54 NY2d 340, 351). In any event, neither issue has merit. The term "dangerous knife" is not impermissibly vague (*see, People v Kowalczyk*, 162 AD2d 752, *lv denied* 77 NY2d 840). Defendant testified that he used the knife to defend himself, in order to "scare" the person that was "charging" at him. Thus, defendant used the knife as a weapon (*see, Matter of Jamie D.*, 59 NY2d 589, 592; *People v Limpert*, 186 AD2d 1005, *lv denied* 81 NY2d 764) and did not controvert its dangerous nature. Under the circumstances, the court's failure to define "dangerous knife" does not warrant reversal of the conviction. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Possession Weapon, 3rd Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.