■ GENERAL ACCIDENT INSURANCE COMPANY et al., Respondents-Appellants, v PAUL ZAZYNSKI, Defendant, and MERCHANTS INSURANCE GROUP, Appellant-Respondent. [645 NYS2d 220] —Order unanimously affirmed without costs. Memorandum: Defendant Paul Zazynski was convicted of arson in the third and fourth degrees after he set fire to his home in Buffalo. Plaintiff Evelyn Fisher's property, situated next to Zazynski's, was damaged in the fire. Fisher submitted a claim under her homeowner's policy with plaintiff General Accident Insurance Company (General Accident) and was paid $17,292.43. General Accident thereafter obtained a default

judgment against Zazynski for the full amount of the claim plus costs and disbursements. Plaintiffs commenced this action seeking a declaration that defendant Merchants Insurance Group (Merchants) is obligated to indemnify Zazynski, its insured, and to reimburse General Accident for the full amount of the judgment against him. In its answer, Merchants asserted that the policy "does not afford coverage for the matters plaintiffs assert as there was no 'occurrence' as defined in the policy". Merchants moved for summary judgment declaring that it owes no duty to indemnify its insured as a result of his intentional conduct. Plaintiffs cross-moved for summary judgment declaring that Merchants is obligated to indemnify its insured. Supreme Court denied the motion and cross motion. We affirm.

As we recently stated, "[a]ccidental results can flow from intentional acts" and damage "may be unintended even though the original act or acts leading to the damage were intentional" (*Salimbene v Merchants Mut. Ins. Co.*, 217 AD2d 991, 994). Insurance policies must, of course, be read "narrowly, barring recovery only when the insured intended the damages" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 649). Because there is a question of fact whether the damage to Fisher's property arose out of a chain of unintended though foreseeable events that occurred after the intentional act of Zazynski setting fire to his house (*see, Salimbene v Merchants Mut. Ins. Co.*, *supra*, at 994; *see also, Ford Nursing Home Co. v Fireman's Ins. Co.*, 86 AD2d 736, *affd* 57 NY2d 656; *McGroarty v Great Am. Ins. Co.*, 36 NY2d 358, *rearg denied* 36 NY2d 874), the court properly denied the motion and cross motion for summary judgment.

We note finally that Zazynski's conviction of arson does not compel the conclusion that Zazynski intended to damage Fisher's property. While behavior "may be reckless for criminal responsibility purposes, [it] does not necessarily mean that the actor reasonably expected the accident to result" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 46). (Appeals from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.