■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v MICHAEL GIGANTE et al., Respondents. [646 NYS2d 386] —Judgment unanimously affirmed with costs. Memorandum: Margaret Springer, individually and as administratrix of the estate of Mark A. Howell, deceased, commenced a wrongful death action against defendant Michael Gigante. Gigante fatally stabbed Howell during an altercation at a stag party and was

convicted of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The complaint in the wrongful death action alleges that Howell's death was the result of the "negligent use of a knife" and "the negligence, carelessness and recklessness" of Gigante.

At the time of Howell's death, Gigante was insured under a homeowner's policy issued by plaintiff, providing personal liability coverage for an " 'occurrence' ", defined as "an accident * * * which results, during the policy period, in bodily injury." Excluded from coverage is "bodily injury * * * which is expected or intended by any insured." Gigante sought a defense and indemnification and plaintiff disclaimed coverage on the grounds that the stabbing was not an " 'occurrence' " as defined by the policy, the injury to Howell was "expected or intended" by Gigante, and Gigante did not provide timely notice of the incident to plaintiff. Plaintiff commenced this action seeking a judgment declaring that it had no obligation to defend or indemnify Gigante. Supreme Court denied plaintiff's motion for summary judgment and granted in part Springer's cross motion for summary judgment, declaring that plaintiff has a duty to defend Gigante in the wrongful death action. Both parties were denied summary judgment on the issue whether plaintiff has an obligation to indemnify Gigante.

We affirm. The complaint in the wrongful death action asserts a cause of action based on negligence, which falls within the policy's coverage for accidental injury (*see, Allstate Ins. Co. v Zuk*, 78 NY2d 41, 44-45). Further, Gigante's reckless manslaughter conviction does not collaterally block the civil litigation of the issue whether Howell's death was "expected or intended" by Gigante (*see, Allstate Ins. Co. v Zuk, supra*, at 45-47; *Melito v Romano*, 160 AD2d 1081; *cf., Matter of Nassau Ins. Co.*, 78 NY2d 888, 891; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 666). Nor does Gigante's conviction of criminal possession of a weapon in the fourth degree establish as a matter of law that injury to Howell was "expected or intended." The intent required for conviction of that crime is the intent to "use [a weapon] unlawfully against another" (Penal Law § 265.01 [2]), not the intent to injure another (*see, People v Limpert*, 186 AD2d 1005, *lv denied* 81 NY2d 764; *People v Melendez*, 130 AD2d 771, 772).

There are triable issues of fact whether Gigante provided timely notice of the occurrence to plaintiff (*see, Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750; *D'Aloia v Travelers*

*Ins. Co.,* 85 NY2d 825, 826, *rearg denied* 85 NY2d 968) and whether plaintiff provided timely notice of disclaimer to Gigante (*see, Utica Fire Ins. Co. v Spagnolo,* 221 AD2d 921). The contention of defendant Cobti's Restaurant that it did not receive plaintiff's notice of disclaimer (*see, Hartford Acc. & Indem. Co. v J.J. Wicks, Inc.,* 104 AD2d 289, 293; *Kenyon v Security Ins. Co.,* 163 Misc 2d 991, 995) is supported only by the affirmation of its attorney. Because there is no indication that the attorney possesses personal knowledge of the pertinent facts, Cobti's Restaurant failed to establish its entitlement to summary judgment (*cf., Caramanica v State Farm Fire & Cas. Co.,* 110 AD2d 869). (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Declaratory Judgment.) Present— Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.