■ ALLEGANY CO-OP INSURANCE COMPANY, Plaintiff, v CHARLES A. KOHORST, Doing Business as KOHORST CUSTOM HOMES AND REMODELING, Defendant, MICHAEL KING, Appellant, and TRAVELERS INSURANCE COMPANY, Respondent. [678 NYS2d 424] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting the cross motion of defendant The Travelers Insurance Company (Travelers) for summary judgment declaring, *inter alia,* that Travelers had no duty to defend or indemnify its insured, defendant Charles A. Kohorst, doing business as Kohorst Custom Homes and Remodeling, in a personal injury action commenced by defendant Michael King. King sustained burn injuries in a fire at a property owned by Kohorst, and Kohorst was convicted of attempted arson in the second degree with respect to that fire. The court determined that Travelers was not required to defend or indemnify its insured because King's injuries were not the result of an occurrence, defined in the policy as an "accident". The court held that, because the fire was intentionally set, King's injuries were not the result of an accident. We disagree.

In deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen (*see, Miller v Continental Ins. Co.,* 40 NY2d 675, 677). "Accidental results can flow from intentional acts. The damage in question may be unintended even though the original act or acts leading to the damage were intentional" (*Salimbene v Merchants Mut. Ins. Co.,* 217 AD2d 991, 994). There is coverage if the damages alleged in the complaint arise "'out of a chain of unintended though foreseeable events that occurred after the intentional act'" (*Salimbene v Merchants Mut. Ins. Co., supra,* at 994; *see also, General Acc. Ins. Co. v Zazynski,* 229 AD2d 920). Here, King established that Kohorst did not intend to hurt King when he intentionally set the fire. Moreover, Kohorst is not collaterally estopped by his criminal conviction from denying an intent to injure King; intent to cause injury to a person is not an element of the crimes with which Kohorst was charged or the crime to which he pleaded guilty (*see, Allstate Ins. Co. v Zuk,* 78 NY2d 41, 46).

The cases cited by Travelers and relied upon by the court are inapposite (*see, Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 350; *U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821, 822). Those cases interpret an exclusion from coverage for claims "based on" assault and battery, and are not relevant when construing the term "accident". There is no indication that the Court of Appeals, in deciding those cases, intended to overrule prior established case law holding that accidental results may flow from intentional acts.

Travelers also relies on cases wherein courts have held as a matter of law that injuries were not accidental. Those cases are likewise inapposite; the physical and/or emotional harm to the victims therein flowed directly from and was inherent in the acts allegedly committed by the insureds (*see, e.g., Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 160 [child molestation]; *Tomain v Allstate Ins. Co.,* 238 AD2d 774 [malicious prosecution]; *Pistolesi v Nationwide Mut. Fire Ins. Co.,* 223 AD2d 94, *lv denied* 88 NY2d 816 [rape]). Here, by contrast, physical and/or emotional harm to another person is not the inherent result of an arson committed for insurance purposes, but may be the unexpected or unintended result of an intentional act (*see, Jubin v St. Paul Fire & Mar. Ins. Co.,* 236 AD2d 712, 713).

In addition to its disclaimer based upon the lack of an occurrence, Travelers disclaimed coverage on two other grounds: an exclusion in the policy based on the lack of cooperation of the insured and an exclusion for injuries arising out of the business activities of the insured. King contends that Travelers' disclaimer based upon those exclusions is untimely as a matter of law. In our view, however, there is an issue of fact concerning the timeliness of Travelers' disclaimer on those additional grounds (*see, Wilczak v Ruda & Capozzi,* 203 AD2d 944, 945). Thus, we modify the order by denying the cross motion of Travelers for summary judgment and vacating the declarations in its favor, and we remit this matter to Supreme Court for a hearing on that issue. In light of our determination, it is not necessary to reach the remaining issues. (Appeal from Judgment of Supreme Court, Genesee County, Mahoney, J.—Declaratory Judgment.) Present—Denman, P. J., Pine, Hayes and Pigott, Jr., JJ.