■ HARTFORD CASUALTY INSURANCE COMPANY, Appellant, v JAMES PENNINGTON et al., Respondents. (Appeal No. 1.) [692 NYS2d 534] —Judgment reversed on the law without costs, cross motions denied, motion granted and judgment granted in accordance with the following Memorandum: Hartford Casualty Insurance Company (Hartford), plaintiff in appeal No. 1, appeals from a judgment denying its motion for summary judgment and granting defendants' cross motions to the extent of declaring that Hartford has an obligation to defend defendant James Pennington in the underlying action. Transportation Insurance Company and Transcontinental Insurance Company (collectively CNA), plaintiffs in appeal No. 2, also appeal from an order in their action to the same effect. We reverse.

On February 12, 1992, Octavio Duran (decedent) was shot and killed by Pennington during an argument following a minor traffic accident. Pennington was subsequently indicted for murder in the second degree under Penal Law § 125.25 (1) (intentional murder) and § 125.25 (2) (depraved mind murder). After trial Pennington was convicted of both counts. No motion with respect to the inconsistency of the verdict was made at trial. We affirmed the judgment of conviction (*People v Pennington*, 217 AD2d 919, *lv denied* 87 NY2d 906). In 1993

decedent's wife, individually and as administratrix of decedent's estate, commenced the underlying wrongful death action against Pennington. Pennington sought a defense and indemnification under his homeowner's policy with Hartford and under his business auto policy and commercial general liability policy with CNA. After Pennington's conviction, Hartford disclaimed coverage on the ground that decedent's death was not the result of an "occurrence", defined in its policy as "an accident", and on the further ground that the incident fell within the exclusion of the policy that coverage did not apply to bodily injury that "is expected or intended by the insured." CNA disclaimed coverage on similar grounds.

Hartford and CNA each commenced an action seeking a declaration that it has no duty to defend and indemnify Pennington in the underlying action. They each subsequently moved for summary judgment on the ground that Pennington's criminal conviction conclusively determined that Pennington's acts and the resulting death were not covered under their policies, and defendants cross-moved for summary judgment. Supreme Court granted the cross motions in part, declaring that plaintiffs are obligated to defend Pennington in the underlying action. The court should have granted the motions of Hartford and CNA.

Because Pennington was convicted of murder in the second degree under Penal Law § 125.25 (1) for intentionally causing the death of decedent, there is no coverage for decedent's injuries and death under the provisions of the policies (*see generally, Matter of Nassau Ins. Co.*, 78 NY2d 888, 890-891; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659). The fact that Pennington was also convicted of Penal Law § 125.25 (2) (depraved mind murder) does not alter that result. To be convicted of depraved mind murder, a defendant must have acted both recklessly and with "depraved indifference to human life", i.e., a defendant's conduct must be " 'so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another' " (*People v Fenner,* 61 NY2d 971, 973). Pennington was convicted of causing the death of decedent, who was unarmed, by shooting him once in the abdomen and twice in the back. Moreover, in convicting Pennington the jury rejected his justification defense. Because "the resulting injury could reasonably be expected from the conduct," there is no coverage (*Utica Fire Ins. Co. v Shelton*, 226 AD2d 705, 706). Under the circum-

stances, the incident does not fall within the scope of coverage provided by the policies (*see, Allstate Ins. Co. v Bostic,* 228 AD2d 628; *John Hancock Prop. & Cas. Ins. Co. v Warmuth,* 205 AD2d 587, 588).

Consequently, we reverse the judgment in each appeal, deny the cross motions and grant the motion in each action, and grant judgment in each action declaring, respectively, that Hartford and CNA have no duty to defend and indemnify Pennington in the underlying action.

All concur except Green, J. P., who dissents and votes to affirm in the following Memorandum.

Green, J. P. (dissenting). I respectfully dissent. Supreme Court properly determined that defendant James Pennington's criminal conviction does not collaterally block the civil litigation of the issues whether decedent's death was "expected or intended" by the insured (*see, Allstate Ins. Co. v Zuk,* 78 NY2d 41, 43-44) or was the result of a covered "occurrence" (*see, Allegany Co-op Ins. Co. v Kohorst,* 254 AD2d 744; *General Acc. Ins. Co. v Zazynski,* 229 AD2d 920, 921). Contrary to the majority's position, Pennington's conviction of intentional murder does not establish that decedent's injuries and death are not covered under the provisions of the insurance policies at issue (*cf., Matter of Nassau Ins. Co.,* 78 NY2d 888, 890-891). Pennington was also convicted of depraved mind murder, which "differs from intentional murder in that it results not from a specific, conscious intent to cause death, but from an indifference to or disregard of the risks attending [the] conduct" (*People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953). Thus, the jury in the criminal action found not only that Pennington committed intentional murder by killing decedent with the conscious objective of causing his death, but also found that Pennington committed depraved mind murder "by recklessly and thus unintentionally killing [decedent] under circumstances evincing a depraved indifference to human life" (*People v Gallagher,* 69 NY2d 525, 530). By convicting Pennington of both crimes, the jury left open the question whether he "expected or intended" decedent's death to result from his conduct. Indeed, "[b]ecause the jury found [Pennington] guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of [his] mental state at the time of the offense" (*People v Gallagher, supra,* at 530). The fact that Pennington's conduct is equally blameworthy under either definition of murder (*see, People v Register, supra,* at 275) is not germane to the issue whether the criminal conviction has collateral estoppel effect in the civil litigation. Because

Pennington was convicted of both crimes, there is an issue of fact whether Pennington expected or intended decedent's injury or death. Thus, the court properly determined that plaintiffs are not relieved of their duty to defend their insureds in the underlying wrongful death action (*see, Allstate Ins. Co. v Zuk, supra,* at 45-47; *Aetna Cas. & Sur. Co. v Gigante,* 229 AD2d 975). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.