■ PROGRESSIVE NORTHERN INSURANCE COMPANY, Respondent, v JOHN RAFFERTY et al., Appellants. [793 NYS2d 618]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Lamont, J.), entered December 19, 2003 in Albany County, which granted plaintiff's motion for summary judgment and declared that plaintiff had no duty to defend or indemnify defendant John Rafferty in an underlying personal injury action, and (2) from an order of said court, entered February 5, 2004 in Albany County, which granted plaintiff's motion for summary judgment dismissing defendant Robert Carman's counterclaim for no-fault insurance benefits.

The following facts are undisputed. On the evening of March 5, 2002, defendant John Rafferty, plaintiff's insured, and defendant Robert Carman were fighting outside, adjacent to Rafferty's car. The car itself was parked a mere two feet in front of a garage. In an attempt to extricate himself from the situation, Rafferty got into his car. Carman, in turn, placed himself between the garage door and the car while his friend blocked Rafferty's car from the rear. Rafferty accelerated and drove Carman into the garage door, severely injuring his leg.

In this action, plaintiff successfully obtained orders declaring that it has no obligation to defend or indemnify Rafferty or to compensate Carman because the conduct engaged in by the former was subject to the policy's exclusion for intentional acts. Both Rafferty and Carman appeal contending that Rafferty only "lightly" stepped on the accelerator intending only to scare Carman, not injure him. We are unpersuaded.

It is now well settled that there exists "a narrow class of cases in which the intentional act exclusion applies regardless of the insured's subjective intent" (*Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293 [2002]). In such cases, "the intentional act exclusion [applies] if the injury [is] 'inherent in the nature' of the wrongful act" (*id.*, quoting *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161 [1992]). An injury is held to be "inherent in the nature" of an act when the act is so exceptional that "cause and effect cannot be separated; that to do the act is necessarily to do the harm which is its consequence; and that since unquestionably the act is intended, so also is the harm" (*Allstate Ins. Co. v Mugavero, supra* at 161, 160).

In these type of cases, "the theoretical possibility that the insured lacked the subjective intent to cause the harm" (*Pistolesi v Nationwide Mut. Fire Ins. Co.*, 223 AD2d 94, 97 [1996], *lv denied* 88 NY2d 816 [1996]) does not preclude a finding that, for the purposes of the policy's intentional act exclusion, such injuries are as a matter of law "intentionally caused" (*Allstate Ins. Co. v Mugavero, supra* at 161; *see Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 771 [1998]; *Doyle v Allstate Ins. Co.*, 255 AD2d 795, 796-797 [1998]). Here, Carman's injuries were inherent in the act of placing a car in forward motion when but two feet of space existed between the car, a pedestrian and an immovable object, clearly invoking the intentional act exclusion of Rafferty's policy. For similar reasons, Carman's injuries were not caused by an "accident" and, thus, he was not eligible for no-fault benefits under the policy (*see Westchester Med. Ctr. v Travelers Prop. Cas. Ins. Co.*, 309 AD2d 927, 928 [2003]). Thus, Supreme Court properly granted summary judgment in plaintiff's favor.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.