■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v AMBER M. WOOD, Respondent, and PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, et al., Defendant. [827 NYS2d 760]—

Spain, J. Appeal from that part of an order of the Supreme Court (Lamont, J.), entered February 9, 2006 in Schoharie County, which denied the cross motion of defendant Progressive Northeastern Insurance Company for summary judgment declaring that it had no duty to defend or indemnify defendant Charles Young.

Defendant Amber M. Wood was camping with friends in a

state park located in the Town of Berne, Albany County when, at 6:15 in the morning, defendant Charles Young drove his vehicle over her tent causing her serious injury. Young subsequently pleaded guilty to the hypothetical crime of attempted reckless assault (see Penal Law §§ 110.00, 120.10 [3]) and, in the plea colloquy, stated that his motivation for driving over one of the tents in Wood's campsite was to retaliate against some of Wood's campsite companions who had allegedly assaulted one of Young's friends. He was given a sentence of 11 years in prison.

Wood commenced a personal injury action seeking recovery from Young's motor vehicle insurance carrier, defendant Progressive Northeastern Insurance Company (hereinafter defendant). Defendant denied coverage under the intentional act exclusion in its policy. Wood then commenced arbitration with plaintiff—her own motor vehicle insurance carrier—pursuant to her policy's uninsured/underinsured motorist provision. Plaintiff obtained a stay of the arbitration in order to commence the instant action seeking a declaration that defendant is obligated to defend and indemnify Young. Plaintiff moved for summary judgment and defendant cross-moved, seeking a declaration that it has no duty to defend or indemnify Young. Supreme Court granted summary judgment to plaintiff and denied defendant's cross motion. Defendant appeals from the denial of its cross motion.

Defendant argues that it properly disclaimed insurance coverage to Young because his policy expressly excludes from coverage "bodily injury or property damage caused by an intentional act of an insured person or at the direction of an insured person." The dispositive inquiry to determine whether this intentional act exclusion applies is " 'whether there is any possible factual or legal basis upon which to find that the bodily injuries inflicted upon [Wood] were not "expected or intended" by [Young]' " (Pennsylvania Millers Mut. Ins. Co. v Rigo, 256 AD2d 769, 770 [1998], quoting Home Mut. Ins. Co. v Lapi, 192 AD2d 927, 928 [1993]; accord Smith v New York Cent. Mut. Fire Ins. Co., 13 AD3d 686, 687 [2004]; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137-138 [2006]). In this regard, Young stated, in both his statement to police and during the plea colloquy, that he did not know that Wood, or anyone else, was in the tent when he ran over it. Defendant argues, nevertheless, that the subjective intent of the insured is not in all cases dispositive because, at times, the resultant harm is deemed "inherent in the nature" of the wrongful act, regardless of the actor's expressed intent (Allstate Ins. Co. v Mugavero, 79 NY2d 153, 161 [1992]; see Slayko v Security Mut. Ins. Co., 98 NY2d

289, 293 [2002]). In other words, under certain circumstances, " 'cause and effect cannot be separated; that to do the act is necessarily to do the harm which is its consequence; and that since unquestionably the act is intended, so also is the harm' " (*Progressive N. Ins. Co. v Rafferty*, 17 AD3d 888, 889 [2005], quoting *Allstate Ins. Co. v Mugavero, supra* at 160).

Here, Young's assertion that he did not know that the tent was occupied could provide a sufficient basis for a finding that his conduct was merely reckless, rather than intentional or expected. Although one could conclude that Young must have appreciated the substantial risk that a tent would be occupied at such an early hour of the morning, his conduct would not be intentional, but reckless, if he disregarded that known risk in a desire to wreak havoc and damage property, without forming a specific intent to drive over an occupied tent. Had the tent not been occupied, Young's act would not have caused injury to Wood. Accordingly, a possible basis exists upon which to find that Young did not intend the resultant harm and, thus, Supreme Court properly found the intentional act exclusion inapplicable as a matter of law, granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment (*see Slayko v Security Mut. Ins. Co., supra* at 293; *Allstate Ins. Co. v Zuk*, 78 NY2d 41, 47 [1991]; *cf. Progressive N. Ins. Co. v Rafferty, supra* at 889; *Smith v New York Cent. Mut. Fire Ins. Co., supra* at 688).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs. [*See* 11 Misc 3d 1059(A), 2006 NY Slip Op 50288(U) (2006).]