VILLAGE OF SPRINGVILLE, Respondent, v WALTER F. REYNOLDS, III, Defendant, and ARGONAUT INSURANCE COMPANY, Also Known as ARGONAUT GROUP, INC., et al., Appellants. [877 NYS2d 776]—

Appeals from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 4, 2008 in a declaratory judgment action. The judgment, inter alia, granted the cross motion of plaintiff for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying plaintiff's cross motion in part and vacating the declarations with respect to defendant Argonaut Insurance Company, also known as Argonaut Group, Inc., and the award of costs and attorneys' fees, and by granting the motion and granting judgment in favor of that defendant as follows:

"It is ADJUDGED and DECLARED that defendant Argonaut Insurance Company, also known as Argonaut Group, Inc., is not obligated to defend or indemnify plaintiff in the underlying action, and as modified the judgment is affirmed without costs."

Memorandum: Plaintiff commenced this action seeking a declaration that defendants Argonaut Insurance Company, also known as Argonaut Group, Inc. (Argonaut), and U.S. Specialty Insurance Company (USSIC) are each obligated to defend and indemnify it in the underlying action commenced by defendant Walter F. Reynolds, III (Reynolds) in federal court. We conclude that Supreme Court properly granted that part of plaintiff's cross motion seeking summary judgment declaring that USSIC is obligated to defend plaintiff in the underlying action but

erred in granting those parts of plaintiff's cross motion seeking that relief with respect to Argonaut and seeking costs and attorneys' fees from Argonaut. We further conclude that the court erred in denying the motion of Argonaut for summary judgment declaring that it is not obligated to defend or indemnify plaintiff in the underlying action. We therefore modify the judgment accordingly.

Reynolds was the owner of a building that housed his residence and a tavern/restaurant. The building was damaged by a fire, and plaintiff directed the demolition of the building the day after the fire. Reynolds thereafter commenced the underlying action in federal court seeking damages for the loss of the property and violation of various constitutional rights. Plaintiff commenced this action following the disclaimer of coverage by both Argonaut, the commercial liability carrier, and USSIC, the nonprofit organization liability carrier.

In viewing the loss from the point of view of plaintiff, the insured (see Miller v Continental Ins. Co., 40 NY2d 675, 677 [1976]), we agree with Argonaut that plaintiff failed to establish that the loss was caused by an occurrence, which is defined by the policy as an accident. "A duty to defend is triggered by the allegations contained in the underlying complaint" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]). Here, the complaint in the underlying action alleges that the decision by plaintiff to demolish the building and the demolition itself were intentional (see generally Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Although "[a]ccidental results [and unintended damages] can flow from intentional acts . . . , when the damages alleged in the [underlying] complaint 'are the intended result which flows directly and immediately from [the insured's] intentional act, rather than arising out of a chain of unintended though foreseeable events that occurred after the intentional act', there is no accident, and therefore, no coverage" (Salimbene v Merchants Mut. Ins. Co., 217 AD2d 991, 994 [1995]; cf. Automobile Ins. Co. of Hartford, 7 NY3d at 137-138). We conclude on the record before us that there was no accident and thus no coverage with respect to Argonaut (see generally Salimbene, 217 AD2d at 994). Inasmuch as plaintiff commenced the instant declaratory judgment action and did not incur costs and attorneys' fees "defending against [an] insurer's action" (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]; see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22 [1979]), we conclude that the court erred in granting that part of plaintiff's cross motion seeking costs and attorneys' fees.

We reject the contention of USSIC that the loss falls within two exclusions contained in its policy, i.e., the exclusion for, inter alia, the destruction of tangible property and the exclusion for wrongful acts on the part of the insured, including acts that are dishonest, malicious, fraudulent "or otherwise intended to cause damage or injury to persons or property." In addition to alleging damage to the property, the complaint in the underlying action alleges the violation of various constitutional rights, including the denial of due process, the violation of the right to free speech, and the denial of equal protection rights. We conclude that plaintiff met its initial burden on its cross motion, and USSIC failed to raise an issue of fact whether "the allegations of the complaint cast that pleading solely and entirely within the policy exclusions" (*Automobile Ins. Co. of Hartford*, 7 NY3d at 137 [internal quotation marks omitted]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, the court properly granted that part of plaintiff's cross motion for summary judgment declaring that USSIC is obligated to defend plaintiff in the underlying action. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.