# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1213.1**
**CA 11-01193**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, GREEN, AND GORSKI, JJ.

---

SENECA NATION OF INDIANS, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, THOMAS H. MATTOX, ACTING
COMMISSIONER, DEPARTMENT OF TAXATION AND FINANCE,
AND ERIC T. SCHNEIDERMAN, NEW YORK STATE ATTORNEY
GENERAL, DEFENDANTS-RESPONDENTS.

---

HARTER SECREST & EMERY LLP, BUFFALO (CAROL E. HECKMAN OF COUNSEL), AND
KANJI & KATZEN, PLLC, ANN ARBOR, MICHIGAN, FOR PLAINTIFF-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ANDREW D. BING OF
COUNSEL), DEFENDANT-RESPONDENT PRO SE AND FOR DEFENDANTS-RESPONDENTS.

PHILLIPS NIZER LLP, NEW YORK CITY (THOMAS G. JACKSON OF COUNSEL), FOR
NEW YORK STATE ASSOCIATION OF TOBACCO AND CANDY DISTRIBUTORS, INC.,
AMICUS CURIAE IN SUPPORT OF DEFENDANTS-RESPONDENTS.

MARGARET A. MURPHY, HAMBURG, AND HOBBS STRAUS DEAN & WALKER, LLP,
WASHINGTON, D.C., FOR ST. REGIS MOHAWK TRIBE, AMICUS CURIAE.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 9, 2011. The judgment denied the motion of plaintiff for summary judgment, granted the cross motion of defendants for summary judgment, denied as moot the motion of plaintiff for a preliminary injunction and vacated a temporary restraining order.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting judgment in favor of defendants as follows:

> "It is ADJUDGED AND DECLARED that 20 NYCRR 74.6 is valid and enforceable, and that defendant New York State Department of Taxation and Finance substantially complied with State Administrative Procedure Act §§ 201-a, 202-a and 202-b in promulgating that rule"

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, individual declarations that 20 NYCRR 74.6 (hereafter, the rule),

concerning taxes imposed on cigarettes on qualified Indian reservations, is null, void and unenforceable based on the failure of defendant New York State Department of Taxation and Finance (Department) to comply with sections 201-a, 202-a, and 202-b of the State Administrative Procedure Act.  The Department promulgated the rule in accordance with the statutory mandate governing the sale of tax-exempt cigarettes on qualified reservations to members of an Indian nation or tribe, as well as the collection of the excise tax on cigarette sales to non-members of the nation or tribe (*see generally* Tax Law §§ 471, 471-e).  Plaintiff appeals from a judgment that, inter alia, denied its motion for summary judgment seeking declaratory and injunctive relief and granted defendants' cross motion for summary judgment.  We agree with plaintiff that, because "[i]nterpretation of the State Administrative Procedure Act is not dependent on an understanding of technical data or underlying operational practices . . ., the courts [should] use their own competence to decide issues of law raised" (*Matter of Industrial Liaison Comm. of Niagara Falls Area Chamber of Commerce v Williams*, 72 NY2d 137, 144).  Nevertheless, we agree with Supreme Court that our standard of review is whether there has been substantial compliance with the State Administrative Procedure Act in promulgating the rule (*see* § 202 [8]; *Industrial Liaison Comm. of Niagara Falls Area Chamber of Commerce*, 72 NY2d at 144), and we conclude that there was substantial compliance.

Plaintiff contends that, because the quota system detailed in the rule will have a substantial adverse impact on the approximately 3,000 individuals employed in the Seneca tobacco economy, the Department was required to issue a Job Impact Statement (*see* State Administrative Procedure Act § 201-a [2] [b]).  Plaintiff similarly contends that the Regulatory Impact Statement required by section 202-a and the Regulatory Flexibility Analysis required by section 202-b were deficient based on the Department's failure to discuss the adverse impact of the rule on Indian nations, members, and small businesses such as reservation cigarette sellers.  We reject those contentions, inasmuch as the adverse impact of which plaintiff complains, i.e., the negative economic effect of a limited supply of tax-exempt cigarettes available for sale, is a direct result of the relevant statutes, not the rule itself (*see e.g.* Tax Law § 471 [5] [b]; § 471-e [2] [b]).  In its amicus brief, St. Regis Mohawk Tribe argues that the rule contains no mechanism requiring the Department, when approving a sale of tax-exempt cigarettes by New York state licensed cigarette stamping agents or wholesalers, to ensure that the limited quantities of such cigarettes are fairly allocated to retailers on qualified reservations (*see* § 471 [5] [b]; 20 NYCRR 74.6 [b] [3]).  We reject the contention that the Department violated the State Administrative Procedure Act by failing to address the speculative possibility of monopolistic behavior that may result from the absence of such a mechanism (*see Matter of Binghamton-Johnson City Joint Sewage Bd. v New York State Dept. of Envtl. Conservation*, 159 AD2d 887, 889; *see also Oneida Nation of N.Y. v Cuomo*, 645 F3d 154, 173).  Rather, we conclude that the Department substantially complied with the requirements of State Administrative Procedure Act §§ 201-a, 202-a, and 202-b.

Finally, although the court properly determined the merits of the

issues raised in the motion and cross motion before it, the court failed to make the requisite declarations in favor of defendants (*see Hirsch v Lindor Realty Corp.*, 63 NY2d 878, 881; *Schlossin v Town of Marilla*, 48 AD3d 1118, 1119).  We therefore modify the judgment accordingly.