# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**600**

**CA 14-01957**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

KEMPER INDEPENDENCE INSURANCE COMPANY,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                  MEMORANDUM AND ORDER

LENORE ELLIS, AS ADMINISTRATRIX OF THE
ESTATE OF CHRISTOPHER SPACK, DECEASED,
DEFENDANT-APPELLANT-RESPONDENT,
WILLIAM L. LEVEA, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

BOTTAR LEONE, PLLC, SYRACUSE (ADAM P. MASTROLEO OF COUNSEL), FOR
DEFENDANT-APPELLANT-RESPONDENT.

HURWITZ & FINE, P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 30, 2014. The order granted that part of the cross motion of defendant William L. LeVea for summary judgment with respect to plaintiff's obligation to defend LeVea and otherwise denied the cross motion, and denied the motion and cross motion of defendant Lenore Ellis, as Administratix of the Estate of Christopher Spack, deceased, and plaintiff, respectively, for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendant Lenore Ellis, as administratrix of the estate of Christopher Spack, deceased, and by granting judgment in her favor and in favor of defendant William L. LeVea as follows:

It is ADJUDGED and DECLARED that plaintiff is obligated to defend defendant William L. LeVea in the underlying action,

and as modified the order is affirmed without costs.

Memorandum: Defendant Lenore Ellis, as administratix of the estate of Christopher Spack, deceased, commenced a wrongful death action against defendant William L. LeVea. LeVea, while intoxicated, struck decedent's vehicle from behind, which caused decedent to collide with an oncoming vehicle, resulting in his death. LeVea pleaded guilty to, inter alia, aggravated vehicular homicide (Penal

Law § 125.14 [5]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [2]). In the wrongful death action, Ellis alleged that LeVea acted negligently in rear-ending decedent's vehicle.

At the time of the incident, LeVea was insured under an automobile policy issued by plaintiff. The policy provided that plaintiff would "pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." The policy excluded coverage where the insured "intentionally causes 'bodily injury' or 'property damage.' " Plaintiff commenced this action seeking a declaration that it was not required to defend or indemnify LeVea because there was no "accident" but, rather, LeVea intentionally caused decedent's death. The parties thereafter moved and cross-moved for summary judgment. Ellis asserted in support of her motion that plaintiff was required to defend and indemnify LeVea, LeVea asserted in support of his cross motion that plaintiff, inter alia, has a duty to defend him, and plaintiff cross-moved for summary judgment seeking a declaration that it had no duty to defend or indemnify LeVea. Supreme Court granted LeVea's cross motion with respect to plaintiff's obligation to defend LeVea, and otherwise denied the cross motions and motion. Ellis now appeals and plaintiff cross-appeals. Although the court properly granted LeVea's cross motion in part, the court should have granted that same relief sought by Ellis in her motion. In addition, we note that the court failed to declare the rights of the parties in connection with the duty to defend (*see Seneca Nation of Indians v State of New York,* 89 AD3d 1536, 1538, *lv denied* 18 NY3d 808). We therefore modify the order accordingly.

Initially, we agree with Ellis that plaintiff failed to provide a foundation for the 911 tape of the decedent prior to the fatal collision (*see generally People v Ely*, 68 NY2d 520, 527), and we therefore do not consider that evidence because it does not constitute competent evidence in admissible form (*see Bergstrom v McChesney*, 92 AD3d 1125, 1126-1127).

"In deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen" (*Allegany Co-op Ins. Co. v Kohorst*, 254 AD2d 744, 744; *see Massa v Nationwide Mut. Fire Ins. Co.*, 74 AD3d 1661, 1662-1663). We must look to the allegations of the complaint in the underlying action, but may also consider extrinsic facts (*see Jubin v St. Paul Fire & Mar. Ins. Co.*, 236 AD2d 712, 713).

Insurable " '[a]ccidental results can flow from intentional acts' " (*General Acc. Ins. Co. v Zazynski*, 229 AD2d 920, 921; *see Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293; *Allegany Co-op Ins. Co.*, 254 AD2d at 744). On the other hand, "when the damages alleged in the [underlying] complaint are the intended result which flows directly and immediately from [the insured's] intentional act, . . . there is no accident, and therefore, no coverage" (*Village of Springville v Reynolds*, 61 AD3d 1353, 1354 [internal quotation marks omitted]). "[M]ore than a causal connection between the intentional act and the resultant harm is required to prove that the harm was

intended" (*Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 160).  The exclusion for an intentional injury, however, will apply where the injuries are " 'inherent in the nature' of the wrongful act" (*Slayko*, 98 NY2d at 293; *see Allstate Ins. Co.*, 79 NY2d at 161; *Hereford Ins. Co. v Segal*, 40 AD3d 816, 818; *Progressive N. Ins. Co. v Rafferty*, 17 AD3d 888, 889).

In support of its cross motion, plaintiff submitted the statements and depositions of various witnesses who observed LeVea strike the back of decedent's vehicle several times before the final strike that caused decedent to lose control of his vehicle and collide with an oncoming vehicle.  Certainly an ordinary person would not construe this as an "accident" in any sense (*see Christodoulides v First Unum Life Ins. Co.*, 96 AD3d 1603, 1605).  This evidence, considered by itself, would support the conclusion that decedent's death was inherent in the nature of LeVea's conduct in repeatedly ramming decedent's vehicle while they were traveling at high speeds (*see Progressive N. Ins. Co.*, 17 AD3d at 889; *Westchester Med. Ctr. v Travelers Prop. Cas. Ins. Co.*, 309 AD2d 927, 927-928; *Allstate Ins. Co. v Bostic*, 228 AD2d 628, 628-629).

Nevertheless, plaintiff also submitted the deposition testimony of LeVea in support of its cross motion.  LeVea, who had no recollection of the accident immediately after it occurred or at the time of his *Alford* plea, testified at his deposition that his dog jumped into his lap while he was driving and, when he took his hands off the steering wheel to move the dog, he collided with the back of decedent's stopped vehicle.  LeVea claimed that decedent then drove down the road, turned a corner onto route 370, and hit a truck head-on.  LeVea further testified that he did not intentionally strike decedent's vehicle.  We conclude that part of LeVea's testimony concerning his description of the event, i.e., that he did not strike decedent's vehicle on route 370, is completely contradicted by the evidence in the record and is incredible as a matter of law (*see Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770-771).  While we disregard that part of his testimony, we further conclude that the other parts of his testimony, i.e., that he was distracted by his dog and did not intentionally strike decedent's vehicle, must be accepted as true for purposes of this motion for summary judgment (*see Rizk v Cohen*, 73 NY2d 98, 103).

Plaintiff contends that we should disregard LeVea's testimony because he is collaterally estopped from denying an intent to injure decedent.  We reject that contention.  LeVea pleaded guilty to a crime that alleged that he acted recklessly; the intent to cause injury to decedent was not an element of the crime (*see* Penal Law § 125.14 [5]; *Allegany Co-op Ins. Co.*, 254 AD2d at 744).  In addition, LeVea did not make any factual admissions regarding the incident during the *Alford* plea.  We therefore conclude that LeVea's testimony raised a question of fact, precluding summary judgment on the issue of plaintiff's duty to indemnify LeVea (*see General Acc. Ins. Co.*, 229 AD2d at 921; *Aetna Cas. & Sur. Co. v Gigante*, 229 AD2d 975, 976).  As noted, however, the court properly granted that part of LeVea's cross motion and should

have granted that part of Ellis's motion with respect to plaintiff's duty to defend LeVea.  An insurer must "provide a defense unless it can 'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation' " (*Allstate Ins. Co.*, 79 NY2d at 159; *see Pennsylvania Millers Mut. Ins. Co.*, 256 AD2d at 770).  Here, the underlying wrongful death action alleged negligence, not any intentional conduct by LeVea.

Finally, we reject Ellis's contention that plaintiff must indemnify LeVea because LeVea was too intoxicated to form the intent to injure decedent as a matter of law.  We note that there are cases where the intentional injury exclusion in a policy is applied even where the insured had been drinking (*see Peters v State Farm Fire & Cas. Co.*, 306 AD2d 817, 817-818, *mod on other grounds* 100 NY2d 634; *Pennsylvania Millers Mut. Ins. Co.*, 256 AD2d at 771).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court