The People of the State of New York, Respondent, 
against
Johnnie Harvey, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Shawn T. Kelly, J.), rendered May 28, 2014, after a nonjury trial, convicting him of criminal trespass in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Shawn T. Kelly, J.), rendered May 28, 2014, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb the trial court's determinations concerning credibility. The credited police testimony established that defendant entered a New York City subway platform unlawfully by jumping over a turnstile without paying the required fare and without permission (see People v Phillips, 53 Misc 3d 151[A], 2016 NY Slip Op 51693[U] [App Term, 1st Dept 2016], lv denied 28 NY3d 1149 [2017]; People v Thiam, 16 Misc 3d 136[A], 2007 NY Slip Op 51665[U] [App Term, 1st Dept 2007], lv denied 9 NY3d 993 [2007]).
Defendant's argument that the trial court erred in modifying its Sandoval (People v Sandoval, 34 NY2d 371 [1974]) ruling to permit reference to the circumstances of his 2010 arrest for disorderly conduct is unpreserved for appellate review (see CPL §470.05[2]), and we decline to review it in the interest of justice. As an alternative holding, we reject this argument on the merits, since the 2010 arrest was not the subject of the court's Sandoval ruling. In any event, the court's ruling, even if erroneous, was harmless in light of the court's statement that such evidence would be considered, not as evidence of defendant's propensity to commit crime, but for "the very limited purpose of fleshing out" the circumstances surrounding the injuries claimed to have been sustained by defendant during that arrest, injuries which, he now claims, prevented him from committing the underlying offense. We presume that the challenged evidence was evaluated and considered by the trial court only for that purpose (see People v Limpert, 186 AD2d 1005, 1005 [1992], lv denied 81 NY2d 764 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 29, 2017