State Farm Fire & Cas. Co. v Chauncey McCabe (2018 NY Slip Op 04416)





State Farm Fire & Cas. Co. v Chauncey McCabe


2018 NY Slip Op 04416


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525662

[*1]STATE FARM FIRE AND CASUALTY COMPANY, Respondent,
v
CHAUNCEY McCABE et al., Defendants, and REBEKAH HASCHYTZ, Appellant.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Abdella Law Offices, Gloversville (Robert Abdella of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (Brian F. Curran of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Hoye, J.), entered April 26, 2017 in Fulton County, which granted plaintiff's motion for summary judgment.
On August 9, 2014, defendant Rebekah Haschytz (hereinafter defendant) was visiting her then-boyfriend, defendant Chauncey McCabe (hereinafter McCabe), at a residence owned by his mother, defendant Rosemary McCabe. McCabe physically assaulted
defendant, including strangling her with a rope and hitting her head. Based on allegations related to this incident, McCabe was convicted after a criminal jury trial of assault in the first degree, strangulation in the first degree and criminal possession of a weapon in the fourth degree.
Defendant commenced a personal injury action against McCabe and his mother alleging, among other things, that McCabe negligently rendered defendant partially incapacitated and that, after she was in this state, she tripped and fell due to a defective condition on the property. Plaintiff, which had issued a homeowner's insurance policy covering the residence and both McCabes as resident insureds, disclaimed coverage as to McCabe because the injuries sustained by defendant did not arise out of an "occurrence," which is defined in the policy as an [*2]accident, and because those injuries fell within an exclusion for intended injuries or willful and malicious acts. To resolve the coverage dispute, plaintiff commenced this action seeking a declaration that it owed no duty to defend or indemnify McCabe. Defendant and the McCabes separately joined issue and asserted counterclaims seeking declarations that coverage exists. Plaintiff moved for summary judgment and dismissal of the counterclaims. Supreme Court granted plaintiff's motion, dismissed the counterclaims and declared that plaintiff has no duty to defend or indemnify McCabe in defendant's underlying action [FN1]. Defendant appeals.
Generally, "[w]hen an insurer seeks to disclaim coverage on the . . . basis of an exclusion, . . . the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations . . . are subject to no other interpretation" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks and citations omitted]; see Graytwig Inc. v Dryden Mut. Ins. Co., 149 AD3d 1424, 1426-1427 [2017]). An insurer may avoid coverage under a policy's intentional acts exclusion only if the insurer establishes as a matter of law the absence of any possible legal or factual basis to support a finding that the bodily injury at issue was, from the insured's point of view, unexpected and unintended (see Allstate Ins. Co. v Zuk, 78 NY2d 41, 45 [1991]; Massa v Nationwide Mut. Fire Ins. Co., 74 AD3d 1661, 1662-1663 [2010]). In moving for summary judgment based on McCabe's criminal trial and convictions, plaintiff essentially argued that it was entitled, based on collateral estoppel, to a declaration that the policy did not provide coverage in the underlying action. Collateral estoppel is an equitable doctrine "grounded on concepts of fairness" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]). The two requirements of the doctrine are "that the identical issue was necessarily decided in the prior action and is decisive in the present action," and that "the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination" (id.). "[I]n appropriate situations, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (id.; see Allstate Ins. Co. v Zuk, 78 NY2d at 45).
The jury's verdict finding McCabe guilty of assault in the first degree and strangulation in the first degree necessarily included findings that McCabe intended to cause serious physical injury to defendant, intended to impede her breathing or circulation, applied pressure to her throat or neck and caused her serious physical injury by means of a deadly weapon or dangerous instrument (see Penal Law §§ 120.10 [1]; 121.13; see also Matter of Nassau Ins. Co. [Bergen-Superintendent of Ins.], 78 NY2d 888, 891 [1991]). The intent required in the criminal action would be sufficient to establish the intent element of the insurance policy exclusion (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 666), as long as they relate to the same conduct. In the underlying action, defendant alleged, among other things, that McCabe permitted and failed to remedy a tripping hazard in a doorway and exacerbated the dangerous condition by obstructing the doorway with a couch and other items, and defendant tripped and fell into a cement wall, causing her serious injuries. Defendant also alleged that McCabe negligently engaged in an activity that rendered her partially incapacitated, then did not exercise reasonable care to obtain prompt medical attention, hold or support her as she attempted to walk through the doorway or warn her of the dangerous condition.
We agree with plaintiff that McCabe's intentional actions cannot be magically transformed into negligent ones merely by defendant's allegations trying to recast them. McCabe's conduct that rendered defendant partially incapacitated was his criminal, intentional actions, which cannot be downgraded to mere negligence through artful pleading. On the other hand, some of defendant's allegations address McCabe's actions prior to the assault, such as failing to maintain the property by permitting a tripping hazard, and his alleged actions after the assault, such as failing to obtain medical care and allowing defendant to ambulate in an incapacitated state without adequate assistance. Defendant asserts that she may have suffered additional injuries due to this negligent conduct, or her injuries from the assault may have been exacerbated by this negligent conduct. Although defendant has no memory of the incident, these allegations are based on McCabe's testimony at his criminal trial.
Plaintiff asserts that, to convict McCabe, the criminal jury must have disbelieved his version of events. It is possible, however, that the jury disbelieved only some portions of his testimony (see People v Toft, 156 AD3d 1234, 1235 [2017] [jury is free to accept some portions of a witness's testimony while rejecting other portions of it]; People v Wagner, 72 AD3d 1196, 1197 [2010] [same], lv denied 15 NY3d 779 [2010]; compare D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d at 668 [party's argument presupposed that a contention in the criminal jury's findings was wrong]; Hartford Cas. Ins. Co. v Pennington, 262 AD2d 1014, 1015 [1999] [jury necessarily rejected justification defense], lv denied 94 NY2d 757 [1999]). The jury may have found it incredible that all of defendant's facial and head injuries were caused when she tried to walk on her own, fell over a raised threshold in the doorway and hit her head on a cinder block wall during that fall. It is also possible that the jury believed that McCabe slammed defendant's head into the ground or a wall, thereby causing some of her injuries, but the jury did not render any findings regarding what happened after the choking and slamming, such as whether defendant then got up, tried to walk and fell. To establish the convictions, it was unnecessary for the jury to have made findings regarding whether McCabe created a tripping hazard, allowed defendant to walk on her own after he had rendered her partially incapacitated or failed to seek medical help for her after the criminal assault. Hence, the issues as to insurance coverage and exclusions are not identical to the issues decided in McCabe's criminal trial, and defendants here did not have a full and fair opportunity in the criminal trial to address some of the issues regarding McCabe's negligence allegedly committed before and after the criminal assault. Plaintiff failed to demonstrate that there was no possible factual or legal basis to support a finding that some of defendant's injuries were unintended by McCabe, so as to bar coverage under the policy exclusion (see Massa v Nationwide Mut. Fire Ins. Co., 74 AD3d at 1662-1663). Accordingly, collateral estoppel does not apply here, except as to the more narrow issues necessarily decided in the criminal trial, and plaintiff was not entitled to summary judgment or a declaratory judgment at this early stage of this coverage action (see Allstate Ins. Co. v Zuk, 78 NY2d at 47).
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: Plaintiff did not disclaim coverage for Rosemary McCabe, nor did it seek a declaration regarding her in this action. Supreme Court noted that plaintiff is still obligated to defend and indemnify Rosemary McCabe.